## LONG v. SEAY, *Appellant.*

**Duration of Liability of Sureties on an Official Bond**. The sureties on the bond of an officer, who by law holds until his successor is elected and qualified, remain liable so long as he continues to hold the office, though that be beyond the term for which he was elected.

*Appeal from Phelps Circuit Court.* — HON. V. B. HILL, Judge.

AFFIRMED.

L. F. Parker for appellant cited Welch v. Seymour, 28 Conn. 387; Curling v. Chalklen, 3 Maule & Sel. 502; Dedham Bank v. Chickering, 3 Pick. 335; Chelmsford Co. v. Demarest, 7 Gray 1; Arlington v. Merricke, 2 Saunders

404; *Liverpool Water Works v. Atkinson*, 6 East 505; *Hassell v. Long*, 2 M. & S. 369; *Wardens, St. Saviour v. Bostick*, 2 New Rep. 175; *Peppin v. Cooper*, 2 B. & Ald. 431; *Kibson v. Julian*, 30 Eng. Law & Eq. 326; *Bigelow v. Bridge*, 8 Mass. 275; *People v. Jansen*, 7 Johns. 332; *Moss v. State*, 10 Mo. 338; *Commissioners v. Greenwood*, 1 Dessau 452; *Harris v. Babbitt*, 4 Dill. 190; *Cuthbert v. Huggin*, 21 Ala. 349; *Wagner v. Horn*, 2 Harr. (Del.) 190; *Dover v. Twombly*, 42 N. H. 59; *County of Wapello v. Brigham*, 10 Iowa 36; *Mayor of Rahway v. Crowell*, 40 N. J. L. 207; *s. c.*, 29 Am. 224; 7 Reporter 87.

*L. H. Waters* and *C. C. Bland* for respondent.

HENRY, J.—This is a suit by which plaintiff seeks contribution from defendant, his co-security in an official bond executed by E. W. Clark, to the board of education of the city of Rolla school corporation, of which he was appointed treasurer in 1873, and continued as such until 1876. The penalty of the bond was $5,000, which plaintiff has paid, Clark being a defaulter in a sum greater than said penalty. Appellant contends that Clark was elected treasurer for one year only, and that the defalcation which occurred in the first year of his service, being less than $1,000, the securities are only liable for that amount. For respondent, it is insisted, that the term of office under the statute was three years; but whether one or three years, he was, by the statute, to hold until his successor should be elected and qualified, and there having been no election within the three years, and Clark continuing to act as treasurer of the board, his securities are liable for his defalcation while he was in office. See *Savings Bank of Hannibal v. Hunt*, *ante*, p. 597. Appellant's counsel, in his brief, insists upon no other error, and the judgment is affirmed. All concur.