THE STATE *ex rel.* BUENEMAN v. KURTZEBORN *et al., Appellants.*

**Duration of Liability of Sureties on Constable's Bond.** Where by statute a constable's term of office is two years and until his successor is elected and qualified, the liability of the sureties on his bond will continue after the expiration of the two years and until his successor is elected and qualified.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

Section 2 of the special act of 1875, referred to in the opinion, provides: "All constables now in office in the county of St. Louis, shall hold their respective offices until the general election to be holden in the year 1878, and until their successors are duly elected and qualified." Section 8 of article 14 of the constitution of 1875, provides: "Nor shall the term of any office be extended for a longer period than that for which such officer was elected or appointed."

*Louis Gottschalk* for appellants.

*Finkelnburg & Rassieur* for respondent.

SHERWOOD, J.—Action on a constable's bond. The constable was elected in November, 1874, and his term consequently expired, under statutory provisions, two years thereafter, or in November, 1876. But under another statutory provision, he continued in office, until his successor was elected and qualified. Wag. Stat., 963, § 1. The conversion of the money collected occurred, according to the petition, January 28th, 1877, and this suit was brought January 6th, 1879. Under the section just mentioned, Kurtzeborn's term of office did not expire until his successor was elected and qualified. He, therefore, continued to be constable, and his sureties to be bound, up to the time he converted the money collected; for the provisions of the law just cited are to all intents and purposes, as much part and parcel of the bond, as if so nominated therein. The statute of limitations had, therefore, not run at the time this suit was brought.

What effect the special act of 1875, (Sess. Acts 1875, p. 29,) had, it is unnecessary to inquire. If it violates section 8 of article 14 of our constitution, it is of course a nullity, and accomplishes nothing. If, on the contrary, the act is in accord with section 8, still Kurtzeborn, though appointed by legislative enactment, had not "qualified" under his new appointment, and so his sureties remained bound as before. These views, as to the continuing liability of the sureties, coincide with those expressed in *Long v. Seay*, 72 Mo. 648, our latest adjudication on the point. Therefore, judgment of the court of appeals affirmed. All concur.