## WIMPEY, *Appellant,* v. EVANS.

**1.** County Collector : BOND, SUFFICIENCY OF. The condition of a
    county collector's bond as executed by him was that he should pay
    over all state, county and other revenue for the two years next
    ensuing the first day of January, 1875, while by the statute (W. S.,
    p. 1178, sec. 92) under which the bond was made, its condition
    should have been that he pay over said revenue within two years

next ensuing the first day of February thereafter (1875); *held*, the variance was immaterial and did not, therefore, affect the bond as a lien on the collector's land.

2. ———: BOND, SUMMARY PROCEEDINGS ON. A proceeding by motion in the circuit court against a county collector, under Wagner's Statutes, p. 1210, § 231, for failure to pay into the proper treasuries moneys collected by him, as required by law, is not *ex parte* and may be resorted to after the expiration of the collector's term of office, as well as during his term.

3. Notice: LIEN: BOND OF COUNTY COLLECTOR. The filing of the collector's bond for record imparts notice like the filing of a deed of record, and from that time it becomes a lien on his lands. Such lien extends as well to lands subsequently acquired by him as to those he owned when the bond was filed of record. W. S., p. 1178, sec. 96.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*George Hubbert* for appellant.

(1) The bond should not have been declared a lien on the land owned by Fields at the date of his bond, in view of the fact that the statutory bond which the law alone would have constituted a lien must have been conditioned for "two years next ensuing the first of January thereafter." W. S. 1178, sec. 93. (2) Even if the bond was a lien the court below found no way of declaring any rule of law by which respondent could be subrogated to it, in view of the fact that even if the lien was still subsisting, he was only one out of thirteen sureties who had paid off part of the county's claim. One surety cannot be subrogated to an entire lien or security when others have an equal right with him who are not parties to the action. And he could not have relief upon the security or lien for his part, for that would involve a partial or *pro tanto* assignment that cannot be countenanced. Brandt on Suretyship, sec. 266. (3) The motion and proceedings on the bond in the McDonald circuit court

were void; they were under a statute providing for summary remedy under certain conditions and fail to show those conditions, one of which was that the collection must have been made during his term of office for which the bond was given. And it was not sufficient to allege a balance in his hands at a date after the expiration of such term, the sureties not being liable for his acts unless shown to have been during his term of office for which they stood. *Moss v. State*, 10 Mo. 338; *State v. Grimsley*, 19 Mo. 178; *State v. Dailey*, 4 Mo. App. 179. (4) Another indispensable condition to the validity of the summary proceeding on the bond, under Wagner's Statutes, 1210, section 23, was that it should have been enforced while the collector was still in office. *Ruy v. Barr*, 57 Mo. 292. (5) After the expiration of Field's term of office, the court had no jurisdiction over the subject matter, for when a statute gives a right and provides at the same time a remedy, the remedy must be strictly pursued, if at all. Potter's Dwarris on Stat. 275, N. 5; *Lindell's adm'r v. R. R.*, 36 Mo. 543; *State v. Bettinger*, 55 Mo. 599. (6) The three years' statutory limitation had fully run before respondent sought any advantages from the lien. The answer of respondent setting up the lien for the first time was filed May 5, 1882. Field's term of office had expired January, 1877, and his collections should have been paid over on the third of each succeeding month of his term of the two preceding years. 2 W. S., sec. 167. The expiration of the three years precluded any remedy on his bond. 4 Mo. App. 178; W. S. 918, sec. 11. The debt being barred by the statute, the remedy to enforce the lien was also barred. 3 Parsons on Contracts (5th Ed.) 279; *Seibert v. Copp*, 62 Mo. 182; *Biddle v. Probate Judge*, 39 Mich.; Jones on Mort., sec. 218.

*Henry C. Young* and *Charles W. Thrasher* for respondent.

(1) The proceedings and judgment on the bond in

the McDonald circuit court were in all respects in sub-
stantial compliance with the statute, and are at least
valid in the collateral proceeding.    *Miss. Co. v. Jackson*,
51 Mo. 23 ; *Morgan Co. v. Lutman*, 63 Mo. 210 ; *Winston
v. Affalter*, 49 Mo. 263 ; *Hardin v. Lee*, 51 Mo. 241 ;
*Bailey v. McGinniss*, 57 Mo. 362 ; *Brackett v. Brackett*,
53 Mo. 265 ; *Kane v. McCown*, 55 Mo. 181.    To make a
judgment valid on its face it is only necessary for it to
appear that the court had jurisdiction of the subject
matter of the action and the parties, and that a judgment
had in fact been rendered.    *Maxwell v. Stewart*, 22
Wall. 79 ; *Pickering v. Templeton*, 2 Mo. App. 424.
(2) The case of *Ray Co. v. Barr*, 57 Mo. 292, is no
authority against respondent.    No such question as was
involved in that case can arise here where there is a
judgment in a court of general jurisdiction and an ap-
pearance to the proceeding by all the defendants.    Want
of legal notice is waived by appearance.    *Griffin v. Van
Meter*, 53 Mo. 430; *Peters v. R. R.*, 59 Mo. 406.

HENRY, C. J.—This is a suit in ejectment for a tract
of land in McDonald county.    The cause was taken, on
change of venue, to Greene county, where, on a trial,
defendant obtained a judgment, from which plaintiff has
appealed to this court.    Both parties claim title under
Calvin F. Fields, who, in November, 1874, was elected
collector of the revenue for McDonald county, and gave
bond with defendant and others as his sureties, for the
faithful discharge of his duties, which was dated, ap-
proved and filed for record on the 17th day of November,
1874.    The condition of the bond was, that he would
faithfully and punctually collect and pay over all state,
county, and other revenue, for the two years *ensuing the
first of January, 1875, etc.*    The statutory condition is:
"*For the two years next ensuing the first day of Feb-
ruary* thereafter."

Section 97 of the revenue law of 1872 provides that
the bond of the collector, "when approved and recorded,

shall be a lien against all the real estate of such collector, until he shall have complied with the conditions thereof.'' On the 4th day of August, 1879, the county of McDonald filed its motion in the circuit court of said county against the collector and the sureties on his bond, for judgment against them for amounts of revenue collected by the collector and not paid into the treasury. All the parties to the bond except four as to whom the suit was dismissed, had due notice of the motion, and on a hearing thereof, the court rendered a judgment against them for $1158.95, and ''that the judgment be a lien upon the real estate of said Calvin Fields that he owned at the date he entered into bond as collector of McDonald county.'' On this judgment an execution was issued which was levied by the sheriff on the land in controversy, and sold, as required by law, and defendant became the purchaser, at the price of $775.00, and received a deed from the sheriff conveying to him the said land. Prior to the date of that judgment, or the institution of the proceedings under which it was obtained, the collector, Fields, and John Fields, were parties to a partition suit for the partition of lands held in common by them, including the lands in controversy, and a judgment of partition was rendered thereon, and also for costs. This judgment ante-dated that of the county against said Fields and his sureties on his official bond, and, under an execution issued on that judgment, Geo. Hubbert became the purchaser of said lands, and afterwards, by quit-claim deed, conveyed them to plaintiff, who at the same time held a mortgage thereon, executed by said Calvin Fields and wife in May, 1877. It does not appear that this mortgage was ever foreclosed.

By section 168 of the revenue act of 1872, the collector was required, on or before the third day of each month, to pay into the county treasury such sums as he may have collected of the county revenue for the preceding month. The plaintiff, in his replication to defendant's answer, alleging substantially the foregoing

facts, pleaded the statute of limitations, alleging that all liens of said bond, and all causes of action thereon, had accrued more than three years *before the facts were set up in defendant's answer as a defence, and before the institution of this suit;* but not that the action on the bond was barred by the statute of limitations (three years) where the motion by the county was filed in the circuit court. If the judgment on that motion was a valid judgment and the bond executed by the collector was a lien, not only upon the lands owned by him when it was approved and filed for record, but on all such as he subsequently acquired, then the defendant, by his purchase at a sale under it and deed from the sheriff acquired the legal title, and has no occasion to invoke the equitable doctrine of subrogation. The plaintiff contends that the bond of the collector was not a lien upon his lands, because of variance from that prescribed by the statute in the condition. The statutory condition is, that he shall pay over all state, county and other revenue, "for the two years next ensuing *the first day* of February thereafter." That of the bond in question, is "for the two years *ensuing the first of January, 1875.*" The difference is immaterial. The condition, as prescribed by the statute, looks to the first month in which the collector is required to make a payment into the treasury. The statute required the collector on or before the third day of each month, to pay into the treasury what he may have collected for the preceding month. He, therefore, had no payment to make in January, when his term commenced, but in February. The bond executed was substantially the same as that required by the statute, and the variance, therefore, was not of sufficient consequence to prevent the bond from becoming a lien upon the collector's land.

It is also contended by appellant's counsel that the judgment rendered by the circuit court on the motion filed by the county of McDonald against Fields and his sureties was a nullity because the proceeding was insti-

tuted after the expiration of Fields' term of office. The proceedings on the bond were under the laws of 1872, p. 133 (sec. 231, Wagner's Statutes, p. 1210). Section 231 is as follows: "If any collector shall fail to pay into the county or state treasury the amount of taxes or revenue by him collected, due the state or county respectively, at the times and in the manner by this act required, he and his securities shall be liable to pay ten per cent. per month upon the amount which he shall so fail to pay, as a penalty, and in case of such refusal notice may be served upon such collector in default and his securities, informing them that at the next term of the circuit court of the county a motion will be made to said court for a judgment against such collector and his securities for all sums of money due from him to the state or county, as the case may be, at the time of making such motion, together with the penalty aforesaid. The circuit courts of this state are hereby vested with power and jurisdiction to hear and determine all such motions and proceedings at the first term at which such motions may be made. The judgment rendered by the court under the provisions of this section shall have the same force and effect, and be enforced in the same manner that other judgments in the circuit courts of this state are enforced. Proceedings under this section shall be in the name of the state or county, as the case may be. Such notice may be served by any constable, coroner or other person who would be a competent witness, and shall be served at least five days before the motion is made. The court shall have power to compel the production of all books, papers, records and other documents in the possession of the collector or others to be used as evidence in the case."

In *Ray County v. Barr*, 57 Mo. 292, the proceeding against the clerk of the circuit court was under sections 19 and 20, *et. seq.*, 1 Wag. Stat. 412. That was an *ex parte* proceeding in the circuit court of which the defendant was clerk, and this court held, because it was

*ex parte* it could only be resorted to while the officer was in office, observing that "the law may have presumed that whilst he was in office, and doing business at the court house, where the courts were held, he would be sufficiently cognizant of all the proceedings affecting him." The proceeding allowed against the collector by the law under consideration, although summary, is not *ex parte*, is had in a court of general jurisdiction, on due notice, prescribed by the law, to all parties against whom it is instituted, and no reason is perceived in the nature of the proceeding why it may not be resorted to as well after as before the expiration of the officer's term of office. The judgment does not ascertain the lands upon which it declared the lien, and if this were necessary it would be a serious, if not a fatal objection to it; but the statute makes the bond, when filed for record after approval, a lien upon all of the collector's lands, not only those he then owned, but such, also, as he might subsequently acquire, and the purchaser of lands at a sale under that judgment acquires the legal title. The filing of the bond for record imparts notice, the same as the filing of a deed, and the law makes it a lien upon all the real estate of the collector.

The judgment of the circuit court is affirmed. All concur.