CITY OF GRAND HAVEN *v.* UNITED STATES FIDELITY &
GUARANTY CO.

1. MUNICIPAL CORPORATIONS—OFFICERS—TERM OF OFFICE—SUC-
CESSORS—QUALIFICATION.

Under 1 Comp. Laws, § 2993, providing that city treasurers and
certain other officers of cities of the fourth class shall hold
their offices for one year from the second Monday in April of
the year when elected, and until their successors are qualified,
the time between the election of a successor and the time he
actually qualifies is a part of the preceding term, though the
person elected is his own successor.

2. SAME—BONDS—LIABILITY OF SURETIES.

Where the bond of a city treasurer elected to succeed himself
is conditioned that he shall well and faithfully perform the
duties of his office "for and during the term for which he
was elected, and shall account for and pay over all sums of
money that shall come to his hands as such treasurer," the
sureties thereon will not be liable for any defalcations prior
to the time of the acceptance and approval of the bond by
the common council, though it is of a prior date, since the
term for which the bond is given does not commence until
such bond is so accepted and approved.

Error to Ottawa; Padgham, J. Submitted June 5,
1901. Decided July 19, 1901.

*Assumpsit* by the City of Grand Haven against the
United States Fidelity & Guaranty Company, impleaded
with John Cook, upon an official bond. From a judg-
ment for plaintiff, defendant brings error. Modified.

*Bundy & Travis*, for appellant.

*Walter I. Lillie*, City Attorney, for appellee.

LONG, J. This action is on the official bond, for the
second term, of John Cook, city treasurer of the city of
Grand Haven, which is incorporated under the general

law of this State as a city of the fourth class. The case was referred under the statute, and comes up on the exceptions to the referee's conclusions of law, which exceptions were overruled by the court below.

It appears that Cook was elected city treasurer of the city of Grand Haven at the charter election held in April, 1898. He qualified, giving bond with individual sureties, and entered upon the discharge of his duties, May 23, 1898. At the next annual election, held in April, 1899, he was re-elected, and qualified on the 18th day of May, 1899, when the bond in suit was filed, and accepted by the common council. The penalty of the bond is $25,000, with the defendant here as surety, which executed it at the city of Baltimore, Md., on May 11, 1899. Prior to the 18th day of May, 1899, Cook had abstracted from the city funds the sum of $1,706.35, and was at that time a defaulter to that amount,—a fact which was not known then to any one except himself. After that date he abstracted and converted to his own use from the city funds the further sum of $727.84. It is the claim of defendant that it is liable on the bond in suit for the latter amount only, while the plaintiff claims that it is liable for the full amount of the shortage, $2,476.10, and for which amount judgment was rendered by the circuit court.

The bond in suit covers the period of time from May 18, 1899, the date on which it was filed and accepted by the common council, and does not relate back to April 10, 1899, as claimed by plaintiff. Grand Haven is a city of the fourth class, organized under chapter 88, 1 Comp. Laws, in which section 2993 provides:

"The mayor, city clerk, city treasurer, supervisors, and constables shall hold their offices for the term of one year from the second Monday in April of the year when elected, and until their successors are qualified and enter upon the duties of their offices."

Mr. Cook had not qualified until his bond was accepted by the common council, and he could not enter upon the duties of his second term of office until then. Up to that

time he was holding office by virtue of his first election. It is settled by numerous authorities under statutes similar to ours that the period between the election of a successor and the time he actually qualifies is as much a part of the prior term as the preceding period, and that, too, where a party is elected his own successor. *Com.* v. *Hanley,* 9 Pa. St. 515; *Butler* v. *State,* 20 Ind. 173; *People* v. *Whitman,* 10 Cal. 45; *State* v. *Berg,* 50 Ind. 500; *Lynn* v. *Mayor, etc., of Cumberland,* 77 Md. 453 (26 Atl. 1002); *Kimberlin* v. *State,* 130 Ind. 120 (29 N. E. 773, 30 Am. St. Rep. 208). It is also settled that where the statute or the constitution provides that an officer shall hold his office for a stated period, "and until his successor is elected and qualified," the sureties on his bond continue liable for his official acts after the expiration of the stated period, and until the election and qualification of his successor. It was expressly held in *State* v. *Kurtzeborn,* 78 Mo. 98, that where by statute a constable's term of office is two years, and until his successor is elected and qualified, the liability of the sureties on his bond will continue after the expiration of the two years, and until his successor is elected and qualified. This rule was expressly laid down in *Township of Paw Paw* v. *Eggleston,* 25 Mich. 36; *City of Detroit* v. *Weber,* 29 Mich. 24. See, also, *County of Placer* v. *Dickerson,* 45 Cal. 12; *Wheeling* v. *Black,* 25 W. Va. 266; *State* v. *Wells,* 8 Nev. 108; *Thompson* v. *State,* 37 Miss. 518.

We think counsel are correct in saying that the bond in the present case does not relate back to the 10th day of April. The language of the bond is not retrospective. The condition is that if "John Cook shall well and faithfully perform all the duties of said office of treasurer of the city of Grand Haven for and during the term for which he was elected, and shall account for and pay over all sums of money that shall come to his hands as such treasurer," etc. His second term did not commence until May 18th, and the surety on that bond would be liable only for moneys coming into his hands after his bond was approved.

In *Hyatt* v. *Sewing-Machine Co.*, 41 Mich. 225 (1 N. W. 1037), this court held that an antedated bond does not bind the sureties for the period preceding the date of its delivery if its language is not retrospective. The bond in that case was given for the good conduct of one Tuttle as agent of the company. It was said by the court:

"The agreement between Tuttle and the company, together with the bond, were dated, respectively, July 11, 1871, and those parties appear to have regarded the agreement as taking effect at that time. It seems that Tuttle was already acting in the same way under a prior agreement and obligation. The present bond was not executed and delivered until August 23, 1871,—several weeks after the date expressed. During the intervening period it was not in existence, and plaintiff in error was not then answerable for .anything transacted. The circuit judge ruled that after its delivery the bond operated retrospectively to the date, and bound the plaintiff in error from that time, and he allowed recovery for transactions perfected in that interval. * * * The question turns on the construction of the obligation, and it must be held to speak from the time it took effect. No other view is admissible now. It is not to`be assumed that the surety intended to become responsible for acts or delinquencies accomplished before he bound himself. *Myers* v. *U. S.*, 1 McLean, 493 (Fed. Cas. No. 9,996). On the other hand, it is just to suppose that, if the parties had understood that past transactions were to be covered, 'the bond would have been made retrospective in its language.' *Farrar* v. *U. S.*, 5 Pet. 373; *U. S.* v. *Boyd*, 15 Pet. 187. Such, however, is not the case. The terms are all future. The language imports an undertaking relative to posterior transactions only, and it cannot be applied to antecedent ones without violating its natural sense. We are therefore of opinion the court erred in applying the bond to matters which arose before it was given."

See, also, *U. S.* v. *Le Baron*, 19 How. 73; *Bruce* v. *State*, 11 Gill & J. 382.

It is apparent, therefore, that the defendant can be held liable only for the sum appropriated by Cook to his own use. after the time of acceptance by the council of the bond in suit, which is the sum of $727.84. The judgment

of the court below must be reversed, and judgment entered here for $727.84 and interest in favor of plaintiff. The defendant will recover costs of this court, and plaintiff will recover costs of the lower court.

The other Justices concurred.