The Town of Canton, a Municipal Corporation, Appellant, v. The Bank of Lewis County, a Corporation, et al.—92 S. W. (2d) 595.

Division Two, March 21, 1936.

*A. F. Haney* and *Barker Davis* for appellant.

818

*Jeffries, Simpson & Plummer* and *Everett R. Vaughn* for respondents.

WESTHUES, C.—This suit is based upon a depositary bond. The cause was tried before the court, a jury having been waived. The trial court found the issues in favor of defendants, respondents here, and plaintiff, the town of Canton, appealed. The amount in dispute exceeds $7500, hence our appellate jurisdiction.

On the 28th day of April, 1931, the Bank of Lewis County was selected as the depositary of the funds of the town of Canton. On April 29, 1931, the bank executed and delivered its bond in the penal sum of $25,000 for the faithful performance of its duties as depositary. The sureties on this bond were E. W. Lillard, R. M. Boulware, E. A. Horn, M. E. Bland, Wm. Downs, W. F. Hodges, all of whom were made defendants in this suit. The Commissioner of Finance of the State was also made a defendant because the assets of the bank, at the time of filing suit, were in his hands for the purpose of liquida-. tion. The sureties on the bond were, at the time of the execution of the bond, either officers or directors of the bank. The bank continued to act as the depositary from the 29th day of April, 1931, to the 9th day of February, 1933, which was the day the bank closed its doors and its assets were placed in the hands of the State Finance Commissioner. Whether the bank, at the time it closed its doors, was the depositary of the funds of the town and whether the bond was still in force are the main issues in dispute on this appeal, as they were at the trial. Both plaintiff and defendants, to sustain their position, relied to a great extent upon the ordinances of the city, the minutes of the town board pertaining to the selection of a depositary and the wording of the bond. It is, therefore, probably best to embody in this opinion such portions thereof as we deem material to the issues. Ordinance No. 57 prescribed the manner of selecting a depositary of the town funds. The provisions material to the issues here read:

"Sec. 1. The board of trustees shall annually, at the first stated meeting after their election, receive proposals from any banking corporation or association or individual banker in the Town of Canton as may desire to be selected as a depositary of the funds of the Town of Canton.

"Sec. 2. Any banking corporation, association or individual banker in the Town of Canton desiring to bid, shall deliver to the town clerk a sealed proposal addressed to the mayor, stating the rate of interest that said banking corporation, association or individual banker offers to pay on the funds of the town for the term of one year, beginning on the first day of May next thereafter. . . .

"Sec. 3. It shall be the duty of the board of trustees, at said stated meeting, or at any adjournment thereof, to open said bids and to select as a depositary of all funds of the town the banking corporation, association or individual banker offering to pay to the Town of Canton the largest rate of interest per annum for said fund; provided the

820

board of trustees shall have the right to reject any and all bids. The interest upon said town funds shall be computed upon the daily balances to the credit of the town with said depository. . . .

"Sec. 4. Within ten days after the selection of such depository, it shall be the duty of the banking corporation, association or individual banker so selected to execute and file with the Town Clerk a bond payable to said Town of Canton, to be approved by the board of trustees, with not less than five solvent sureties, who shall own unencumbered real estate in the State of Missouri, of as great value as the amount of said bond.; some Corporate Surety Company, authorized to do business in the State of Missouri, or by depositing with said Town of Canton, Stocks and Bonds as collateral security, the penalty of said bond to be fixed by the board of trustees, which shall in no event be less than Twenty-five Thousand Dollars ($25,000.00) and conditioned for the faithful performance of all the duties and obligations devolving by law upon said depository, and for the payment upon presentation of all checks drawn upon said depository by the Town Treasurer whenever any funds shall be in said depository applicable to the payment of said checks, and that all funds of said town shall be faithfully kept by said depository and accounted for according to law; and for a breach of said bond the Town of Canton may maintain an action in any court of competent jurisdiction, or any person injured thereby may maintain such action in the name of said town to the use of the person injured.

"Sec. 5. As soon as said bond shall be approved by the board of trustees an order shall be made by said board designating said banking corporation, association or individual banker as depositary of the funds of the Town of Canton for a period of one year beginning on the first day of May of the current year and ending on the first day of May of the next succeeding year and until the due qualifying of the succeeding depositary; and thereupon it shall be the duty of the town treasurer, immediately upon the making of said order, to transfer to said depositary all the funds belonging to the town, and immediately upon the receipt of any money thereafter, to deposit the same with said depositary to the credit of the town; and for each and every failure to make such deposit the treasurer shall become liable to said depositary for ten per cent per month upon the amount not so deposited, to be recovered by civil action in any court so competent jurisdiction. . . .

"Sec. 7. It shall be the duty of such selected depositary to keep an office in the Town of Canton, and to pay at such office all checks drawn by the town treasurer, as such, upon the funds of the town, so long as there shall be any such funds in the possession of said depositary subject to such checks. .

"Sec. 8. If, for any reason, no selection of a depositary is made, at the time fixed by this ordinance, or if the selection of any deposi-

tary shall be revoked, the board of trustees may, at any subsequent stated or special meeting thereof, after ten days' notice given by the mayor, in some weekly newspaper published in the Town of Canton, receive bids and select a depositary in the manner hereinbefore provided, and the bank so selected shall remain the depository from the first day of May or, if the bond of said bank be not approved by said day, from the time said bond is approved, until the first day of May of the next succeeding year.

"Sec. 9. If, at any time, there should be no depositary as provided for by this ordinance, in which to keep the funds of the town, the town treasurer shall safely keep all moneys and funds belonging to the town.

"Sec. 11. The town treasurer shall not be responsible for any loss of town funds through the negligence or failure of such depositary; but nothing in this ordinance shall release said treasurer from liability from any loss resulting from any official misconduct on his part, or from responsibility for the funds of the town whenever there shall be no depositary, as provided in this ordinance in which to keep said funds, or until a depositary shall be selected and the fund deposited therein, or for any misappropriation of such funds in any manner by him.

"Sec. 12. The town depositary shall furnish to the board of trustees and to the town treasurer monthly statements of the balances of town funds in the custody of such depositary and properly distinguishing in such statements the amounts placed by said depositary to the credit of the different funds of the town, and the percentage paid in accordance with the terms of its accepted bid."

The minutes of the board of directors, pertaining to the selection of a depositary, read as follows:

" 'Mayor Haney read a communication from the Bank of Lewis County. Motion by Hayden, seconded by Barth that the Board accept the offer of the Bank of Lewis County and appoint it as its depository. Motion carried.' "

" 'Upon motion the application of the Bank of Lewis County as depository and the bond of said depository was approved; and said bank appointed depository for the town.' "

The bond, omitting signatures, reads as follows:

"BOND OF TOWN DEPOSITORY"

"KNOW ALL MEN BY THESE PRESENTS that we, the undersigned Bank of Lewis County, a banking corporation of the State of Missouri, located at Canton, Missouri, as principal, and E. W. Lillard—R. M. Boulware—E. A. Horn—M. E. Bland—Wm. Downs—W. F. Hodges, as sureties, acknowledge ourselves to owe and be indebted to the Town of Canton, a municipal corporation of the State of Missouri, in the sum of TWENTY FIVE THOUSAND DOLLARS

($25,000.00) to the payment whereof well and truly to be made we bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents, sealed with our seals and dated at Canton, Missouri, this 29th day of April, 1931.

"The conditions of the above obligations are such that whereas the said Bank of Lewis County was on the 28th day of April, 1931, selected by the Board of Trustees of the Town of Canton, Missouri, as Depository of the money and funds of the said Town of Canton for a period of one year beginning on the 1st day of May, 1931, and until its successor is duly selected and qualified.

"Now therefore if the said Bank of Lewis County shall faithfully perform all the duties devolving by law and ordinances upon it as such depository and upon presentation pay all checks and warrants lawfully drawn upon said depository by the Treasurer of the said Town of Canton, whenever sufficient funds shall be in said depository applicable to the payment of said checks and warrants and safely keep all funds belonging to said Town of Canton, with said depository, and shall faithfully keep and account for all funds according to law and ordinances, and at the end of the term for which it is selected turn over all funds to its successor when duly selected and qualified, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals this 29th day of April, 1931."

Respondents contend that the Bank of Lewis County never, at any time, became the legal depositary because of Sections 2962 and 2963, Revised Statutes 1929, 3 Mo. Stat. Ann., pp. 1827 and 1831. These sections in substance require that all contracts of counties, cities and towns be in writing and that duplicate copies thereof be made to be filed in the offices of the county and city clerks. The cases cited under Section 2963, requiring the contract to be in duplicate, hold that this section is directory and not a condition precedent to the validity of a contract. [McShane v. School District, 70 Mo. App. 624; Saleno v. Neosho, 127 Mo. 627, 30 S. W. 190.] [2] As to the question of the contract being in writing, it will be noted the minutes of the town board meeting recited that the offer of the Bank of Lewis County to act as depositary was accepted. The minutes show that subsequent thereto the bank filed its bond with the city, which was accepted, and the bank was designated as the depositary. Appellant offered to prove that the offer made by the bank had been lost and attempted to introduce in evidence a carbon copy thereof. The trial court sustained an objection to the carbon copy. The objection was that the carbon copy had not been signed and it was not shown that any signature appeared on the original, or that the bank authorized the offer to be made. The bank in fact did act as the depositary and paid interest on the sums to the credit of the town. This was an admitted

fact in the case. The bank, therefore, ratified whatever offer was made on its behalf and it was immaterial whether it had authorized the offer to be made at the time. The minutes of the board meetings and the bond disclosed that the town board had substantially complied with the procedure prescribed for the selection of a depositary. An offer made and accepted in writing is a sufficient memorandum to satisfy the statute that the contract must be in writing. As to minor irregularities the case of School District of St. Joseph v. Security Bank of St. Joseph, 325 Mo. 1, 26 S. W. (2d) 785, l. c. 792 (7), definitely disposes of respondents' contention that the bank was in fact never the depositary of the funds, where this court said:

"The evidence in this case shows, and the bond in suit recites, and appellants do not deny, that the defendant bank was selected as a depositary of one-eighth of plaintiff's funds. The evidence further shows, and appellants do not deny, that, upon the execution, acceptance, and approval of the bond, the bank became such a depositary, 'assumed and acted that role,' received one-eighth of plaintiff's funds as such a depositary, and thereby, to all intents and purposes, became such a depositary *de facto*. By signing and delivering the bond, the sureties, including appellants, intended that the bank should become such a depositary. That act enabled the bank to get hold of one-eighth of plaintiff's funds. Under such circumstances, it becomes immaterial whether the bank was selected as such a depositary exactly as prescribed by the statute, or whether the bond was executed within the time prescribed by the statute. The engagement of the sureties on the bond in suit was to stand sponsor for the bank—to answer for its default. That default could arise whether the bank was a depositary *de facto*, or *de jure*. That default has arisen, and appellants, as sureties on the bond, must answer therefor. [See Henry County v. Salmon (en banc), 201 Mo. l. c. 153, 100 S. W. l. c. 24, and authorities cited.]"

And note what this court en banc said in Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20, l. c. 23:

"In the next place, a rigid compliance with all the *minutiae* of the statute is not indispensible to the validity of a depositary bond. To stick in the letter is to stick in the bark. To stick in the dry letter is but to pay tithe of mint and anise and cummin, omitting the weightier matters of the law. When faith and credit have been given to a depositary bond and such bond has performed the function of obtaining for its principals money, property or other valuable thing, it illy becomes its obligors to invoke immaterial variances from statutory form in avoidance of liability. Bonds of like character have been held binding, though not in precise statutory form. [State ex rel. v. O'Gorman, 75 Mo. 370; Newton v. Cox, 76 Mo. 352; Wimpey v. Evans, 84 Mo. 144.]"

Respondents state that even if the bond was effective it expired on May 1, 1932. The evidence disclosed that the town board took no further action after May 1, 1931, with reference to the selection of a depositary. The Bank of Lewis County continued to act as depositary and paid interest on the funds on hand, which were deposited by the city treasurer up to the time the bank closed. It will be noted that the bank closed on the 9th day of February, 1933, one year and nine months after the bond had been executed and the bank selected as depositary.

Respondents contend the depositary contract and the bond expired, as a matter of law, on May 1, 1932. The case of *School District of Cameron v. Cameron Trust Co.*, 330 Mo. 1070, 51 S. W. (2d) 1025, is cited as an authority. Extensive quotations from the opinion in that case appear in respondents' brief. We said in that case that the selection of a depositary for school funds was, by virtue of Section 9362, Revised Statutes 1929 (Mo. Stat. Ann., p. 7211), governed by Article IX of Chapter 85, Revised Statutes 1929. Section 12188 of that article provides in part as follows:

"As soon as such bonds shall have been given and approved, the court shall make an order designating such successful bidders as depositaries of said funds *until sixty-five days after the time fixed by this article for another selection.*" (Italics ours.)

We held in the Cameron case and other cases that county courts and school boards could not, in the face of the plain mandate of the statute, extend the term of the depositary by common consent beyond the term as fixed by the statute. We have been cited to no similar provision of the statute governing the selection of depositaries of cities and towns. Nothing in the town ordinance or in its charter contain any such provision. The Cameron and kindred cases are, therefore, not in point and no further reference thereto will be made.

Respondents, however, argued that the provisions of the ordinance of the town of Canton, above set forth, have the same force and effect, with reference to the selection of a depositary by the town board, as the statute has to counties and school districts. To this we cannot agree. The statute says, when the bond has been approved an order shall be made designating the successful bidders as depositaries until sixty-five days after the time fixed for the selection of the succeeding depositary. The ordinance of the town of Canton reads in substance that after the bond shall have been approved the depositary shall be named "for a period of one year beginning on the first day of May of the current year and ending on the first day of May of the next succeeding year *and until the due qualifying of the succeeding depositary.*" (Italics ours.) And so reads the bond:

"The conditions of the above obligations are such that whereas the said Bank of Lewis County was on the 28th day of April, 1931, selected

by the Board of Trustees of the Town of Canton, Missouri, as Depository of the money and funds of the said Town of Canton for a period of one year beginning on the first day of May, 1931, *and until its successor is duly selected and qualified.*" (Italics ours.)

In discussing this question we are not overlooking the fact that the ordinance of the town placed upon the town board the duty of selecting a depositary each year. We must keep in mind, however, that the ordinance provided, and the bond contained a provision, that the depositary selected should be such depositary for one year and until the duly qualifying of the succeeding depositary. Appellants have cited cases which we deem controlling in this case. State ex rel. v. Kurtzeborn, 78 Mo. 98, was an action on a constable's bond. The default occurred long after the term of two years, for which the constable had been elected, had expired. A successor had not been elected and qualified as prescribed by law. This court in that case said:

"The constable was elected in November, 1874, and his term consequently expired, under statutory provisions, two years thereafter, or in November, 1876. But under another statutory provision, he continued in office, until his successor was elected and qualified. [Wag. Stat., 963, sec. 1.] The conversion of the money collected occurred, according to the petition, January 28th, 1877, and this suit was brought January 6th, 1879. Under the section just mentioned, Kurtzeborn's term of office did not expire until his successor was elected and qualified. He, therefore, continued to be constable, and his sureties to be bound, up to the time he converted the money collected; for the provisions of the law just cited are to all intents and purposes, as much part and parcel of the bond, as if so nominated therein."

In the case of Long v. Seay, 72 Mo. 648, bondsmen were held liable on the bond of a treasurer of a school board who had been elected for one year but had held office for three years. To the same effect see State ex rel. v. Smith, 87 Mo. 158, 1. c. 160. The general rule is thus stated in 46 Corpus Juris, 1072, section 408:

"Where the bond is conditioned for the discharge of duties by the officer until a successor has been elected or appointed and has qualified, or where it is provided by law that an officer shall discharge the duties of his office until a successor has been elected or appointed and has qualified, the general rule is that, where an officer so holds over, the liability on his bond continues until such successor has qualified, although in some jurisdictions it is held that the liability extends only for such further time after the expiration of the term as is reasonably sufficient for the election or appointment and qualification of a successor."

In the case under consideration the ordinance, as well as the bond, provided that the term be for one year and until the successor should be selected and qualified. Under the rulings of the above cases the

bond was in force at the time the bank closed. Cases from other states, identical with the case before us, which support the Missouri cases cited, are: First Natl. Bank v. Moon, 243 Mich. 124, 219 N. W. 625, l. c. 626 (2, 3); Archer v. State, 74 Md. 410, 22 Atl. 6; Baker City v. Murphy, 30 Ore. 405, 35 L. R. A. 88, 42 Pac. 133. Many other cases of like nature will be found in the annotations in 81 American Law Reports, pages 37 and 38. [See, also, 22 R. C. L., pp. 554, 555.] We, therefore, conclude that the Bank of Lewis County continued to be the depositary for the funds deposited by the treasurer of the town of Canton and that the bond was in force at the time the bank closed.

█ The evidence disclosed that the treasurer of the town had on deposit in the depositary, when it closed, the total sum of $15,810.69; that the collector of the town had on deposit the sum of $3010.16; a grand total of $18,820.85. Appellant sought, by this action, to obtain a judgment against the bondsmen for that amount. The bondsmen contend that they are not liable under any circumstances for the amount deposited by the town marshal, who was ex officio collector. This position is well taken. The town marshal was required to turn over to the town treasurer all sums collected by him. This the town marshal did once a month. During interim the money that was collected by him was deposited in the bank to his credit, as marshal and collector of the town. The treasurer had no authority to check against this fund. The bond itself and the ordinance under which the bond was given exclude any theory upon which liability of the bondsmen for this money could be based. This is so self-evident that citation of authority is unnecessary.

It was conceded by appellant in its brief that since the trial of the case the town of Canton had received, through dividends paid by the bank, one-half of the sum sued for. We presume that the various funds were each credited in proportion to the amount received.

The cause is, therefore, reversed and remanded to the trial court with directions to enter judgment in favor of the town of Canton against the bank for all sums remaining unpaid and against the bondsmen in an amount not to exceed the sum of $7905.29, being one-half of the sum deposited by the treasurer of the town. The bondsmen are entitled to credit for any further sum which may have been paid and credited on the claim which was based on the sum as deposited by the treasurer. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.