(105 So. 899)

**DISHEROON et al. v. BROCK.** (6 Div. 375.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. **Officers** ⟨131⟩—**In absence of stipulations making bond of public officer retrospective, there can be no liability for default prior to execution.**

In absence of stipulations in bond of public officer making it retrospective, or of estoppel by reason of principal's report or statement for prior term, there can be no liability on bond for default of principal occurring prior to execution of bond.

2. **Sheriffs and constables** ⟨158⟩—**Undertaking of deputy sheriff which refers to definite term of office extends to entire term.**

Where language of undertaking of deputy sheriff referred to definite term of office, and guaranteed the faithful discharge of duties of office by principal during his continuance therein, construction under rule contra proferentem requires the extension of liability to entire term.

3. **Sheriffs and constables** ⟨158⟩—**Bond of deputy sheriff, covering entire term, but blank as to date of execution, held to extend to entire term of office.**

Where bond of deputy sheriff was blank as to date of execution, but covered entire term of office, and was approved two days after alleged misfeasance of deputy, it was *held* that liability thereon would extend to entire term of office, since it was not dependent upon its filing or approval, in view of Code 1907, § 1501 (Code 1923, § 2613).

4. **Evidence** ⟨417(1)⟩—**Omission to state in bond that deputy officer was deputy sheriff could be cured by parol evidence.**

Omission to state in bond that deputy officer was deputy sheriff could not be taken advantage of by the officer, and could be cured by parol evidence.

5. **Evidence** ⟨325⟩—**Bond of deputy sheriff held properly admitted in evidence.**

Bond of deputy sheriff, blank as to date of execution, but covering entire term, and approved two days after alleged misfeasance for which action was brought, *held* properly admitted in evidence.

6. **Appeal and error** ⟨1052(4)⟩—**Error in testimony showing conditions after alleged illegal search held cured by later testimony establishing defendant's agency therein.**

In action against deputy sheriff for trespass, testimony that witness, upon entering plaintiff's home few minutes after alleged search by deputy, found things lying around and torn up, though improperly admitted at time, later testimony establishing deputy's agency therein cured the error.

7. **Evidence** ⟨477(2)⟩—**Testimony that plaintiff was awfully nervous after alleged illegal search of her home held properly admitted.**

In action against deputy sheriff for misfeasance, testimony that plaintiff was awfully nervous shortly after the alleged search of her home and for week afterwards *held* properly admitted.

8. **Damages** ⟨168(1)⟩—**On issue involving damages by way of mental or physical suffering, plaintiff was properly allowed to state she was 97 years old.**

Where issue involved damages by way of mental or physical suffering, age and condition may be material; and it was proper to allow plaintiff to state that she was 97 years old.

9. **Trespass** ⟨4⟩—**Damages recoverable for unlawful entry of home producing physical injury.**

Unlawful entry or unlawful invasion of home, producing physical injury, whether by direct physical violence or through nervous excitement, the proximate result of wrongful act, is wrong for which recovery may be had.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Mary Brock against W. A. Disheroon and the Fidelity & Deposit Company of Maryland for damages for alleged wrongful trespass by defendant Disheroon, acting under color of his office as deputy sheriff, in searching plaintiff's residence and disturbing her property. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Frank S. White & Sons, E. C. Crow, and Thos. J. Judge, all of Birmingham, for appellants.

The court erred in admitting the bond in evidence. Code 1907, §§ 1484, 1486; McPhillips v. McGrath, 117 Ala. 564, 23 So. 721; 29 Cyc. 1387, 1457. Evidence of the condition of plaintiff's belongings after the occurrence was not of the res gestæ, and not admissible. Sou. Ry. v. Reeder, 152 Ala. 227, 44 So. 699, 126 Am. St. Rep. 23; Ludlow v. State, 156 Ala. 58, 47 So. 321; State v. Stallings, 142 Ala. 112, 38 So. 261; Arnold v. State, 18 Ala. App. 453, 93 So. 85. Likewise evidence of the mental condition of plaintiff. McAdory v. State, 59 Ala. 93; Ala. M. & S. Co. v. Roquemore, 205 Ala. 244, 87 So. 437; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 540; Lewis v. State, 96 Ala. 9, 11 So. 259, 38 Am. St. Rep. 75; Weaver v. State, 2 Ala. App. 98, 56 So. 749. It was error to admit evidence to the effect that defendant knew he had no search warrant. Bailey's Case, 107 Ala. 151, 18 So. 234; L. & N. v. Perkins, 165 Ala. 473, 51 So. 870, 21 Ann. Cas. 1073. The complaint alleged that the trespass was committed while the bond was in force; the proof showed the bond was not in force. Hence there was a variance, entitling defendants to the affirmative charge. Kennedy Bros. v. M. & G. R. Co., 74 Ala. 431; Amer. Ry. Exp. Co. v. Stanley, 207 Ala. 380, 92 So. 643.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The bond of defendant Disheroon was properly admitted. Brown v. Loeb, 177 Ala. 106, 58 So. 330; Barfield v. Evans, 187 Ala. 579, 65 So. 928; Key v. Goodall Brown & Co., 7 Ala. App. 227, 60 So. 986; Code 1907, § 1500. It is not error to allow a witness to state a conclusion which is a shorthand rendering of facts. Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902; Long v. Seigel, 177 Ala. 338, 58 So. 380. Where the answer elicited by an alleged objectionable question appears elsewhere in the evidence without objection, no reversal will be made because of such objection. Sloss Co. v. Triplett, 177 Ala. 258, 59 So. 109; Empire Coal Co. v. Gravlee, 9 Ala. App. 657, 64 So. 207. The bond was of force at the time of the trespass. Crandall-Pettee v. Jebeles-Colias, 195 Ala. 152, 69 So. 964; Brown v. Mobile Elec. Co., 207 Ala. 61, 91 So. 805; 22 R. C. L. 544; 9 C. J. 40; Frost, Law of Guar. Ins. 405.

SOMERVILLE, J. The official bond of the defendant Disheroon, under which his codefendant, the Fidelity & Deposit Company, is sought to be held liable as surety, is blank as to the date of its execution. Its condition is:

"That whereas the above bound W. A. Disheroon was duly ―――― May 1st, 1922, to the office of regular deputy on the 1st day of May, 1922, for the term of one year from the 1st day of May, 1922, in precinct No. ―――― in and for said county [Jefferson]. Now, if the said W. A. Disheroon shall faithfully perform and discharge all the duties of said office during his continuance therein, then the above obligation to be void, otherwise in full force and effect."

The bond is signed by principal and surety, and to the left of their signatures is the indorsement, "Taken and approved this 13 day of May, 1922, J. P. Stiles, Judge of Probate." It appears from other indorsements that the officer's oath of office was taken on May 10, 1922.

Defendants jointly objected to the admission of the bond in evidence, assigning several grounds, only two of which seem to be now insisted upon: (1) That the bond appears to have been executed, or to have become effective, on May 13, 1922, and hence did not cover official misfeasances prior to that date; and (2) it does not show what kind of an officer Disheroon was, nor to what office the bond was referable.

[1] There is, indeed, nothing upon the face of the bond, or of its indorsements to show that it was executed or became effective prior to the date of its approval—two days after the alleged misfeasance of the principal. In the editor's note to Cowden v. Trustees, 235 Ill. 604, 85 N. E. 924, 23 L. R. A. (N. S.) 131, 126 Am. St. Rep. 244, the general rule is stated, with copious citation of authorities:

"There can be no doubt of the general proposition of law that, in the absence of stipulations in the bond of a public officer making it retrospective, or of estoppel by reason of the principal's report or statement for the prior term, there can be no liability on the bond for default of the principal which occurred prior to the execution of the bond."

See, as especially in point, the case of Grand Haven v. U. S., etc., Co., 128 Mich. 106, 87 N. W. 104, 92 Am. St. Rep. 446. Pertinent, also, are our cases of Townsend v. Everett, 4 Ala. 607, and McPhillips v. McGrath, 117 Ala. 549, 568, 23 So. 721.

[2] In the instant case the question of the surety's liability depends upon the construction to be placed upon the language of the bond, and where, as here, the language of the undertaking refers to a definite term of office, and guarantees the faithful discharge of the duties of the office by the principal "during his continuance therein," we think that a

fair construction, under the rule contra proferentem, intends and requires the extension of liability to the entire term. McMullen v. Building, etc., Ass'n, 64 Kan. 298, 67 P. 892, 56 L. R. A. 924, 91 Am. St. Rep. 236; Inhabitants of Hudson v. Miles, 185 Mass. 582, 71 N. E. 63, 102 Am. St. Rep. 370, 374.

[3] The operation of the bond, at least as for common-law liability, was not dependent upon its ·filing or approval in accordance with statutory requirements; and "where a bond is given by a public official and is required by statute, and such official is permitted to assume the performance of the duties of his office on the strength of the furnishing of such a bond, in such case the surety furnishing the bond is estopped to set up * * * such defenses as want of consideration, lack of approval by proper authority, etc." The proposition, fully elaborated, has been enacted into statutory law. Code 1907, § 1501; Code 1923, § 2613; Frost's Law of Guaranty Ins. (2d Ed.) § 142. As that author observes:

"Where such .statutes exist, they are probably to be regarded more in the light of a protection to the public rather than as a condition precedent to the attachment of liability on the part of the compensated surety." Id. § 141.

[4] As to the second objection, it is clear that the surety cannot complain of its own omission to state in the bond that the deputy officer referred to was a deputy sheriff. That omission did not prevent the operation of the bond, as its signers intended, and parol evidence might properly show, as it did without dispute, that Disheroon's office was that of deputy sheriff.

It is hardly necessary to add that the bond here in question was authorized and required by section 3 of the act approved September 10, 1915 (Terry's Local Laws of Jefferson County, 338), which provides that such bonds shall be governed by the general laws relating to official bonds.

[5] We conclude that this bond was properly admitted in evidence as a basis for liability.

We do not see how defendants could have been materially hurt by allowing the witness, Mrs. Hayes, to state that plaintiff was known in her neighborhood, as "Aunt Mary." However, the assignments of error relating to that ruling are not argued by counsel.

[6] The same witness was allowed to state that when she entered plaintiff's home, 10 or 15 minutes after the alleged search by Disheroon, she found furniture drawers and a trunk open, and things lying around, and the bed "torn up." Under all the evidence, it was permissible for the jury to infer that the officer had produced those conditions in the course of his alleged search; and though the testimony was improperly admitted at the time, the officer's agency not being then apparent, later testimony cured the error by showing his agency therein, at least as a matter of inference. ·

[7] It is not easy to reconcile all of our decisions as to the admissibility of a witness' testimony as to the mental or emotional state of another person whom he has observed. We think, however, that the trial court did not err in permitting Mrs. Hayes to state, as a collective fact, that plaintiff was "awfully nervous" shortly after the alleged search of her home and for a week afterwards. S. & N. A. R. Co. v. McLendon, 63 Ala. 266; Prince v. State, 100 Ala. 144, 147, 14 So. 409, 46 Am. St. Rep. 28; Long v. Seigel, 177 Ala. 338, 58 So. 380. Such statements,· subject as they are to cross-examination, can do little harm in any case, and the trend of modern decisions is opposed to making their admission a ground for the reversal of judgments unless they are clearly improper and manifestly prejudicial.

Whether or not it was technical error to permit defendants' witness Cole, a deputy sheriff in charge of the searching party, to state, on cross-examination, that Disheroon knew they had no warrant for searching plaintiff's house, it is unnecessary to decide. The witness had already stated ,without objection that they all knew there was no such warrant, and defendants' testimony conclusively shows that he knew it. The fact was not contested, and in no event could it have affected the result, there being no claim for punitive damages.·

[8]. Where the issue involves damage by way of mental or physical suffering—and both are claimed in this complaint—the age and condition of the plaintiff may be material to the question. .We think it was proper to allow plaintiff to state that she was 97 years old. Moreover, her extreme age must have been obvious to the jury.

It was proper to show how long Disheroon had been a deputy sheriff and when he took his oath of office. We must note, however, that the assignments of error as to those matters are not sufficiently argued to entitle them to a review. Several other assignments of error relating to the admission of evidence have been examined, but found to be with· out merit.

Defendant was not entitled to the general affirmative charge, since, as pointed out above, the bond was properly admitted as a basis for liability. Under our view of the bond, the question of variance could not arise.

[9] In actions of trespass quare clausum fregit, "compensation may be recovered for resulting pain, fright, and mental suffering, shame and ·humiliation, inconvenience, and invasion of privacy." 38 Cyc. 1137 (X), and cases cited. As declared in Engle v. Simmons, 148 Ala. 92, 95, 41 So. 1023, 12 Ann. Cas. 740, 121 Am. St. Rep. 59, 7 L. R. A. (N. S.) 96,

"The plaintiff here was in her home, and had a right to the peaceful and undisturbed enjoyment of the same, and any unlawful entry or invasion thereof, which produced physical injury to her, whether by direct physical violence, or through nervous excitement the proximate result of the wrongful acts of the defendant, was a wrong for which she is entitled to recover."

Manifestly, if the jury believed the testimony of plaintiff, her recovery could not be restricted to nominal damages as to either defendant, and charges to that effect were properly refused since the complaint sufficiently claimed for the special damage.

As we have already stated, where the trespass consists of an invasion of the plaintiff's home, the age and physical condition of the plaintiff may be, and in this case very clearly was, a material factor for the consideration of the jury upon the issue of mental and physical suffering proximately resulting from the trespass. Hence the argument of plaintiff's counsel urging such consideration by the jury was properly allowed.

We have examined and considered all of the assignments of error upon the record, and do not find anything to justify a reversal of the judgment, which will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.