PER CURIAM.
Appellant, plaintiff below, has perfected this appeal from a final summary judgment in a trespass action wherein she received an award for damage to the steps of her rented dwelling caused by a truck of defendant having backed into them. The award was for the stipulated sum of $50, and is not contested here. Rather, the review sought is directed solely to a partial summary judgment order denying her additional claim for personal injuries suffered when she fell while attempting to use the steps nine days after they were damaged.
This cause has been presented for appellate review upon a prior occasion, and is recorded as Leonard v. Nat Harrison Associates, Inc., Fla.App.1960, 122 So.2d 432; the action of the trial judge upon that previous occasion in dismissing the amended complaint of appellant was reversed, and the *19 cause remanded for further proceedings consonant with the opinion. Pursuant to the mandate of this court, the trial court by order vacated the final judgment entered for appellee and the appellee thereupon filed answer and motion for partial summary judgment.
Reference may be made to the former opinion filed in this cause for a detailed statement of the facts and of the appropriate legal theories pertinent to the issue presented here. The reversing decision was largely predicated upon the fact that a motion to dismiss the complaint should not have been granted since at least nominal damages for the broken steps and for the act of trespass were authorized under the complaint. The opinion, as to the claim for personal injuries, indicated that the truth of this allegation involved a factual determination depending upon the testimony. The issue particularized was whether the personal injury claimed was a direct and immediate result of the trespass, or whether it was consequential and collateral. If the former, the appropriate action was designated to be trespass; if the latter, then trespass on the case would be the action, to which contributory negligence could be interposed as a defense.
The order of the trial judge granting partial summary judgment for appellee as to the personal injury claim by appellant stated:
“Upon examination of the record, including the testimony of the plaintiff, it appears that the personal injury of the plaintiff is not immediate to the trespass of the property, but is consequential thereto, and, therefore, a plea of contributory negligence is well pleaded.”
The court then found, as a matter of law, that the appellant was guilty of contributory negligence and granted the requested partial summary judgment. An examination of the briefs and the record on appeal reveals no reversible error to be present in the position taken by the trial court in reference to the personal injury claim of appellant; and it affirmatively appears that the judge below adhered to the standards set forth in this court’s original opinion for his guidance. Consequently, we must affirm the summary final judgment.
Affirmed.
SHANNON, C. J., and KANNER and WHITE, JJ., concur.