273 So.2d 182

**J. T. SASSER**

v.

**Solon DIXON.**

**SC 134.**

Supreme Court of Alabama.

Feb. 1, 1973.

Rehearing Denied March 1, 1973.

Tipler, Fuller & Barnes, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

MERRILL, Justice.

This appeal is from a judgment granting defendant's motion for a new trial, following a verdict and judgment thereon in favor of the plaintiff.

The main question in the case is whether the allegations and the proof supported an action of trespass or trespass on the case.

The trial court granted the motion for a new trial solely on the ground that it became convinced that the one-year statute of limitations, Tit. 7, § 26, applied instead of the six-year statute, Tit. 7, § 21.

It is settled in our law that an action of trespass on the case is governed by the statute of limitations of one year, while if the allegation and proof show trespass the six-year statute applies. C. O. Osborn Contracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166; City of Fairhope v. Raddcliffe, 48 Ala.App. 224, 263 So.2d 682; Tit. 7, §§ 21 and 26.

The allegations and the proof showed that the cause of action arose on July 1, 1969, and the original complaint was filed on February 22, 1971. The defendant pleaded the statute of limitations of one year.

If the allegations and proof show trespass, the trial court erred, if trespass on the case is shown, the judgment granting the motion for a new trial should be affirmed. The single assignment of error is that the trial court erred in granting the motion for a new trial.

The case was originally filed against the defendant, the employer Dixon Lumber Company, Inc. and one Jack McGowin, but the company and McGowin were later stricken as defendants.

The action was brought against the defendant Dixon as a third-party tort feasor pursuant to Tit. 26, § 312, Code 1940, as amended. The single count (Two–A) charged that on July 1, 1969, the plaintiff was employed by Dixon Lumber Co., Inc.,

in Andalusia, and while he was in the process of inspecting in the dry kiln, he was injured; that for several months prior thereto, the defendant, Solon Dixon, was also an employee and was charged with the responsibility by the company of the over-all supervision and inspection of the works, ways and machinery and safety precautions involved in the dry kiln; that the defendant Dixon knew that the fans in the dry kiln system at said plant were in a danger-ous and defective condition in that said fans were totally unguarded, leaving them in a dangerously exposed condition endan-gering the safety of those working in the area; that the defendant had on numerous occasions prior to the injury of the plain-tiff been apprised that the fans were un-guarded and posed a dangerous condition; and that despite said knowledge on the part of the defendant and despite warnings to him of the danger to human life and limb resulting from said dangerous condi-tion, he wantonly injured the plaintiff by wantonly failing to employ proper, ade-quate or sufficient safety measures or guards to prevent the fans from being ex-posed in said dangerous condition and as a proximate result and consequence of the wanton conduct of the defendant, the plaintiff was injured.

There was evidence to support the alle-gations including the fact that the dry kiln contained eight large uncovered fans in a loft with a two-foot catwalk passage; that the fans ran twenty-four hours a day, sev-en days a week; that the five-foot blades extended outside the rims encasing them; that one of the fans was and had been in poor alignment; that there was no light in the loft and the temperature was high; that men had to work in the loft from time to time to check and maintain the equip-ment in order to keep the mill in opera-tion; that the defendant had often given instructions to fix and maintain the fans; that the plaintiff was checking the fans when injured; that the defendant knew others had been injured by the fan blades; and that several times the plaintiff and other employees had called the defendant's attention to the dangerous situation in the kiln created by the unguarded fan blades.

The plaintiff argues that the complaint and the proof show trespass—the defend-ant argues that it is trespass on the case and, therefore, barred by the one year stat-ute of limitations.

The true distinction between tres-pass and trespass on the case lies in the di-rectness or immediate character of the in-jury. An injury is to be regarded as im-mediate, and therefore a trespass, only where it is directly occasioned by, and is not merely a consequence resulting from, the act complained of. Pan American Pe-troleum Co. v. Byars, 228 Ala. 372, 153 So. 616 [11, 12]; City of Fairhope v. Radd-cliffe, 48 Ala.App. 224, 263 So.2d 682; Leonard v. Nat Harrison Associates (Fla. App.), 137 So.2d 18. In Crotwell v. Cow-an, 240 Ala. 119, 198 So. 126, this court said:

> "Under the common law, the founda-tion for civil liability for injuries to per-sons and property consequent upon the unintentional application of force, whether the act be affirmative or omis-sive, is negligence, and the appropriate common law action is case, speaking more correctly, trespass on the case. But when force is intentionally applied by direct affirmative act it is trespass and the appropriate action for the recov-ery of damages therefore is trespass. (Citations omitted)."

A good illustration is given in Shipman, "Handbook of Common-Law Pleading," 3rd Ed., Ch. 4, § 39, p. 86:

> "To take an illustration already used, if a person in the act of throwing a log into the highway hits and injuries a pas-serby, the injury is immediate, and tres-pass is the proper remedy; but if, after a log has been thrown into the highway, some one, in passing, falls over it, and is injured, the injury is consequential, and the action must be in case."

In Louisiville & Nashville R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265, the following is quoted from an unpublished opinion in Sibley v. Odum, 257 Ala. 292, 58 So.2d 896:

" ' "Trespass and case are not defined by statute. Their elements are of common law origin. Trespass is one of the ancient writs. Case arose to meet a situation not covered by any of those writs. Trespass is of three aspects: (1) *vi et armis* (personal injuries by force directly applied); (2) *de bonis asportatis* (the carrying away of the goods of another); (3) *quaere clausum fregit* (direct injuries to the freehold).

" ' "They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority. Unless there is such direct force, there can be no trespass in any aspect.

" ' "*Case* is when injury occurs to the person or property of another when as to the defendant so charged there is no intentional direct application of force, but either a negligent unintentional application, or when the act was intentionally committed by one who is guilty of a trespass, but the defendant is legally responsible for such willful act of the other on such principle as *respondeat superior*. In that event the one is guilty of a trespass and for such trespass the other is responsible in case, because he did not commit a trespass and there was no writ which provided a remedy." ' "

One of the most recent cases to consider this question is City of Fairhope v. Raddcliffe, 48 Ala.App. 224, 263 So.2d 682, where the suit charged that the city's employees, while acting in the line and scope of their employment, willfully or wantonly caused or allowed the city's sewer line to overflow and flood plaintiff's house. The question was whether the action was in trespass or in case. The Court of Civil Appeals held that it was an action in case

rather than in trespass and was barred by the one-year statute of limitations. The Court said, inter alia:

"It seems to be commonly accepted among the bar that a count alleging a willful or wanton act is always a charge in trespass. Such is not literally true. To be a trespass there must be an act of direct force producing injury or damage. A wanton omission of duty to act is not a trespass. There is no direct force applied and the injury is not produced by application of force, but is consequential of an omission of a duty to act.

"Wantonness has tended to become synonomous with trespass because it is usually connected with a direct application of force as in automobile collisions. From its legal definition in Alabama it may readily be seen it does not always amount to a trespass.

\*     \*     \*     \*     \*     \*

"\* \* \* We state again that it is not the descriptive words 'willful or wanton' which determine an act to be in trespass, but whether the act producing injury was one of application of direct force. We comment that this construction is based upon well defined principles of common law and of the legislative designation of the applicable statute of limitations. We may not approve of it, but we are bound to so interpret and apply it until it is changed by proper authority."

In support of his contention that this is an action in trespass, plaintiff cites several cases. We list them and comment briefly why we do not think they are apt authority.

Doucet v. Middleton (5th Cir.), 328 F.2d 97, was an automobile collision case. The force was directly applied by the car driven by the defendant and the evidence supported a wanton count in trespass.

Decatur Petroleum Haulers, Inc. v. Germany, 268 Ala. 211, 105 So.2d 852, was another collision case where the automobile in which plaintiff was riding collided with

defendant's oil truck. Again, plaintiff's injuries resulted from a direct and immediate force being applied to plaintiff by the defendant with direct and immediate resulting injuries to the plaintiff.

Aldrich v. Tyler Grocery Co., 206 Ala. 138, 89 So. 289, was also an automobile collision with a pedestrian.

Central of Georgia R. Co. v. Freeman, 140 Ala. 581, 37 So. 387, contained two counts in trespass charging that the defendant wantonly or intentionally caused or allowed the train to run upon or against plaintiff. Again, it was a direct and immediate force causing direct and immediate injuries.

Newberry v. Atkinson, 184 Ala. 567, 64 So. 46, involved a suit for injuries suffered by plaintiff while alighting from a train. The court stated:

"* * * According to the evidence, the flagman was standing by the side of the steps, helping passengers to alight, and was within a foot and a half of the plaintiff, having one of his hands on the iron railing, and the other extended upward toward her, as if he intended to assist her as he had the others, thus lulling plaintiff into a sense of security, and yet, with this situation before his eyes, according to all the plaintiff's evidence, the flagman proceeded to kick the stool from under her as she was stepping downward, naturally and almost inevitably causing her to fall. The flagman, under such circumstances, not only had notice, but was chargeable with actual knowledge, that such kicking of the stool would in all probability cause serious consequences, and the same was unquestionably a wanton and willful act. * * *"

Again, there was a direct and immediate force which caused plaintiff's injury.

Sington v. Birmingham Ry., Light & Power Co., 200 Ala. 282, 76 So. 48, was a case where the court said that the plaintiff, a pedestrian, "was injured in one of two ways, viz. run into by the defendant's street car while he was on the track, or hit by the open doors leading into the front platform or vestibule of the street car." Again, the direct and immediate force caused direct and immediate injuries.

In all of these cases, there was a direct and immediate force with direct and immediate injuries, while here, the injury was alleged to be the result of defendant's wantonly failing to employ proper, adequate or sufficient safety measures or guards to prevent the fans from being exposed and, as a proximate result and consequence of the wanton conduct of defendant, plaintiff was injured.

In the instant case, the injuries were the consequence of an omission of a duty to act.

We hold that the trial court correctly granted the motion for a new trial for the reason stated by that court.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and McCALL, JJ., concur.