On September 10, 1974, Juston Clement borrowed $20,000 from the Citizens Bank and Savings Company of Russellville (Bank). The loan was secured by a pledge of personal property — restaurant buildings (modular structures) and equipment owned by Clement. Subsequently, Wolfe Sales Company, Inc. (Wolfe) sold certain restaurant equipment to Clement, taking in trade certain equipment pledged as security to the Bank. Wolfe took a security interest in the new equipment which it sold to Clement. Clement thereafter defaulted on his obligations to both the Bank and Wolfe.
In July, 1976, Wolfe petitioned the circuit court of Lawrence County (Case No. 76-219) for a writ of seizure to allow it to remove equipment from the restaurant in Moulton. On August 4, 1976, Wolfe's employees, pursuant to the court order, entered the premises and removed the equipment. Thereafter, on August 13, 1976, the Bank intervened in Case No. 76-219 in the circuit court of Lawrence County, alleging that it had a prior, superior lien on the equipment claimed by Wolfe. The Bank sought an injunction prohibiting Wolfe from disposing of the equipment.
Wolfe filed a motion to dismiss the Bank's petition for intervention. This motion was set for hearing on September 8, 1976. On that date, the court entered the following order:
 Defendant [Clement] having been adjudicated bankrupt and all matters having been determined in that suit, case dismissed. Costs are taxed to plaintiff, Wolfe Sales Company, Inc., for the collection of which execution may issue. *Page 942 
Thereafter on June 13, 1978, the Bank filed the present action against Wolfe alleging that Wolfe's employees in removing the equipment pursuant to the court's order "inflicted excessive damage to the realty to which the items were attached."
Wolfe filed an answer denying the allegations in the Bank's complaint and affirmatively raised the statute of limitations. It also filed a motion for summary judgment based on the pleadings, affidavit of John J. Wolfe, and the record and pleadings in Case No. 76-219. John Wolfe's affidavit asserted that only those items of equipment authorized by the court order were taken. He also asserted that in the removal of the equipment, no damage was caused to the premises. He said the employees of Wolfe were accompanied by the sheriff at all times, who controlled the keys to the premises at all times.
The Bank offered no counter affidavits and, after a hearing, the trial court granted Wolfe's motion for summary judgment on May 2, 1980. Thereafter, the Bank filed a motion asking the court to set aside its summary judgment and, as grounds therefor, alleged that it had located "two additional material witnesses who had specific knowledge about the facts and circumstances concerning the plaintiff's suit against the defendant."
The court denied the Bank's motion to set aside the summary judgment and entered its order from which this appeal was taken:
 The Court, after consideration of the motion of the plaintiff, finds that these two (2) witnesses were reasonably available to the plaintiff prior to the hearing on the motion for summary judgment heretofore held by the Court and even in the event had they not been available based on the Court's study of their offered depositions and/or affidavits, finds that the motion for summary judgment would have still been granted by the Court.
We affirm. From the record before us, it is clear that the action sued upon is governed by the one-year statute of limitations set out in § 6-2-39 (a)(5), Code of Alabama 1975. The allegations of the plaintiff's complaint show trespass on the case, as distinguished from trespass. As such, the claim is barred by the one-year statute of limitations. OsbornContracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166
(1961); Trognitz v. Fry, 215 Ala. 609, 112 So. 156 (1927).
In Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973), this Court, speaking through Justice Merrill, quoted from Louisvilleand Nashville R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265
(1958), which quoted from an unpublished opinion of this Court in Sibley v. Odum, 257 Ala. 292, 58 So.2d 896 (1952):
 "`Trespass and case are not defined by statute. Their elements are of common law origin. Trespass is one of the ancient writs. Case arose to meet a situation not covered by any of those writs. Trespass is of three aspects: (1) vi et armis (personal injuries by force directly applied); (2) de bonis asportatis (the carrying away of the goods of another); (3) quaere clausum fregit (direct injuries to the freehold).
 "`They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority. Unless there is such direct force, there can be no trespass in any aspect.
 "`Case is when injury occurs to the person or property of another when as to the defendant so charged there is no intentional direct application of force, but either a negligent unintentional application, or when the act was intentionally committed by one who is guilty of a trespass, but the defendant is legally responsible for such willful act of the other on such principle as respondeat superior. In that event the one is guilty of a trespass and for such trespass the other is responsible in case, because he did not commit a trespass and there was no writ which provided a remedy.'"
 One of the most recent cases to consider this question is City of Fairhope v. Raddcliffe, 48 Ala. App. 224, 263 So.2d 682, where the suit charged that the city's employees, while acting in the line and *Page 943 
scope of their employment, willfully or wantonly caused or allowed the city's sewer line to overflow and flood plaintiff's house. The question was whether the action was in trespass or in case. The Court of Civil Appeals held that it was an action in case rather than in trespass and was barred by the one-year statute of limitations.
290 Ala. at 20, 273 So.2d 182.
The Alabama Rules of Civil Procedure abolishing common law forms of action and replacing them with one form of action did not abolish substantive remedies, Mobley v. Brundidge BankingCo., 347 So.2d 1347 (Ala.Civ.App. 1977), nor did they eliminate the distinctions between trespass and trespass on the case insofar as those distinctions make a difference in the applicable statute of limitations. Cochran v. Hasty,378 So.2d 1131 (Ala.Civ.App. 1979).
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and BEATTY, JJ., concur.
JONES, J., concurs in the result.