This is an appeal by the plaintiff, Lola Eason, from a summary judgment rendered against her. We affirm.
The plaintiff was admitted to Huntsville Hospital on or about January 1, 1976 for treatment of pneumonia. On the day she was admitted to the hospital a woman, whom Mrs. Eason believed to be a hospital employee, accompanied Mrs. Eason up the stairs and into her hospital room. Mrs. Eason never spoke to the woman and does not know the name of the woman, but while she stood next to her in the hospital room, the plaintiff fell and broke her hip. She contends that the lady standing beside her fell also, but that the lady was not holding on to the plaintiff when they fell.
The plaintiff filed a two-count complaint on December 28, 1976 naming Noble Thompson, as Director of the Huntsville Hospital, Wanda Middleton, the patient care assistant at Huntsville Hospital, and Dorothy Vizzier, a nurse in the hospital, and certain fictitious parties as defendants. Count I of the complaint alleged that the plaintiff was injured as a result of the defendants' negligence while Count II charged the defendants with willful and wanton conduct.
In July 1977 the plaintiff amended her complaint by striking Wanda Middleton. In August 1977 the plaintiff amended her complaint to add Alvin Blackwell, James Sisson, Dr. Jack Batchelor, Dr. Henry Anderson, Sr., Dr. Gilbert Kinzer, David Byers and Erie Douglas as parties defendant after the plaintiff had ascertained that they were the fictitious parties referred to in her original complaint. On October 7, 1977 the plaintiff again amended her complaint to re-name Wanda Middleton as a defendant. This amendment also added a third count which alleged that the defendants were liable to the plaintiff because of a breach of their agreement to provide plaintiff with reasonable and proper care and treatment.
A motion for summary judgment, supported by affidavits, was filed on behalf of defendants Noble Thompson and Dorothy Vizzier. This motion was opposed by the plaintiff, but was granted by the trial court. Similarly, defendants Blackwell, Sisson, Batchelor, Anderson, Kinzer, Byers and Douglas filed a summary judgment motion. The plaintiff did not oppose it, and that motion for summary judgment was also granted. The granting of these two summary judgments has not been questioned on appeal.
On December 12, 1978 the defendant Wanda Middleton, the only remaining defendant in the case, filed a motion for summary judgment based on the pleadings and on a deposition of the plaintiff, Lola Eason. The plaintiff filed nothing in opposition to the motion. On May 16, 1980 the trial court granted the motion. The plaintiff filed a motion for reconsideration of ruling on summary judgment which was overruled. The plaintiff then appealed.
The sole issue presented for review is whether the trial court was correct in entering summary judgment in favor of the defendant Wanda Middleton.
In Ray v. Montgomery, Ala., 399 So.2d 230 (1980) this Court stated: *Page 247 
 Summary judgment shall be rendered if the pleadings, depositions, interrogatory answers, or affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c), ARCP. The burden of proof is on the movant to establish the absence of any issue of a material fact. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). . . .
In the present case the defendant moved for a summary judgment and attached to her motion the plaintiff's deposition and nothing else. The plaintiff's deposition read in its relevant part:
 Q Now, if I understand you, Mrs. Eason, you didn't slip on anything?
A No.
Q You didn't trip over anything?
A Huh-huh, no.
Q Wasn't anything there in the floor?
A Huh-huh.
Q You just kind of blacked out and fell?
A That's right.
 Q And at the time you blacked out you weren't holding on to this woman who was with you and she wasn't holding on to you?
A Not as I remember but she was standing by me.
. . . .
 Q I said the complaint which you filed or which has been filed for you by your lawyer sets out that they [the hospital people] handled you there at the hospital in a negligent manner.
A Yeah.
 Q Would you tell me please, ma'am, what you contend that they did or didn't do that they should have done for you.
 A They ain't done nothing just carried me upstairs there. They put me to bed.
 Q Was there anything at all wrong with the way they treated you?
 A No, sir. They didn't get to treat me no way because I had done fell. They always treat me nice when I go.
 Q Did the hospital do anything at all there to cause you to fall?
A No.
 Q Did that nurse or the lady there that was with you at the time you fell did she do anything to cause you to fall?
A No, sir.
Here the defendant-movant has negated each count levied against her through the deposition of the plaintiff. The plaintiff herself stated that she did not know of any negligent act that the hospital people did or didn't do for her. In fact she did not know of anything wrong with the way she was treated at the hospital. Moreover, the plaintiff stated that the unknown lady did nothing to cause her to fall. Certainly these admissions negate any claim of negligence or any wanton act on the part of the defendant. Additionally the facts that the plaintiff has not communicated with the defendant and that the plaintiff did not know of anything wrong with the way she was treated show that the defendant could not have breached any agreement to provide the plaintiff with reasonable and proper care.
Additionally it should be noted that the defendant, Wanda Middleton, was named as a defendant in the original complaint. She was then dropped from the suit on a motion by the plaintiff. On October 7, 1977 the plaintiff again added Wanda Middleton's name as a defendant. Since the plaintiff's injury occurred on January 1, 1976, the defendant urges that the one-year statute of limitations on the negligence count had run prior to this re-addition of Wanda Middleton as a defendant. Although it is not clear under which theory the plaintiff sought to add Wanda Middleton as a defendant, we assume that she was being added by the fictitious party provision of Rule 9 (h), ARCP, which reads as follows:
 When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true *Page 248 
name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.
The fictitious party rule is intended to operate in emergency situations in which neither the name nor the identity of the defendant is known, as in the situation when the cause of action is known, but not the liable party, and when there is an urgent need to seize property or to attain service. Browning v.City of Gadsden, Ala., 359 So.2d 361 (1978); Hinton v. Hobbs, Ala., 349 So.2d 28 (1977). In this case it is clear that the name of Wanda Middleton was known to the plaintiff at the time of the filing of her original complaint because Middleton was named as a defendant therein. Clearly the plaintiff could not take advantage of the fictitious party rule to re-name Wanda Middleton as a defendant in a negligence claim at a time after the statute of limitations had run since she had been known to the plaintiff since the filing of the suit. Thus, the negligence claim against the defendant was also barred by the one-year statute of limitations.
Here the defendant, by attaching the deposition of the plaintiff, met her burden of establishing that there was no genuine issue of fact. The plaintiff offered nothing in response to the defendant's summary judgment motion. This Court has repeatedly noted that when in a summary judgment case the moving party has met its burden, the opposing party may not rest on the mere allegations or denials in the original pleadings but must set forth, by affidavit or otherwise, sufficient facts showing a genuine issue for trial. E.g., Howard v. Jordan, Ala.,390 So.2d 1053 (1980); Powell v. South Central Bell Telephone Co., Ala.,361 So.2d 103 (1978); Rule 56 (e), ARCP.
This Court recognized an exception to the rule in Donald v.City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92
(1976), where the deposition of the plaintiff was introduced by the defendant in support of a summary judgment motion. There we said:
 If there is testimony in his [the plaintiff's] deposition which would contradict the facts as set out in the other testimony, then the failure of the plaintiff to offer counteraffidavits or testimony would be of no consequence since repetition of the same facts in a counteraffidavit would be a useless act. Powell v. United States Steel Corp., 305 F. Supp. 645
(S.D.W.Va. 1969).
This case is distinguishable from Donald, supra, however, since here the deposition of the plaintiff was the only testimony submitted by either party; thus it could not have contradicted the facts set out in any other testimony.
As this Court said in Whatley v. Cardinal Pest Control, Ala.,388 So.2d 529 (1980), "In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted." Thus since the defendant met her burden of proving that no genuine issue of fact existed, and since the plaintiff offered no evidence in opposition to the defendant's motion, the summary motion was properly granted.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX and SHORES, JJ., concur.
JONES, J., concurs in the result.