This is an appeal from a summary judgment against the plaintiff in a co-employee lawsuit. Plaintiff's complaint contained three claims. Plaintiff's first claim is that he was injured and rendered totally disabled while working for Gurney Industries, Inc., on June 15, 1980. He alleged that the individual defendants, who were employees of Gurney Industries, Inc., had wantonly or recklessly failed to furnish him with a reasonably safe place to work. This is true, according to the plaintiff, because of their failure to correct a defect in a concrete floor work area which would have been discoverable by the defendants in exercising reasonable care.
One of plaintiff's responsibilities on his job was to push a tub loaded with wet cloth, weighing around 2,000 pounds or more, to a turntable. Plaintiff claims that there was a hole or depression in the concrete floor approximately ten inches across and four inches deep in the area where he pushed the tub. On the day he was injured, he inadvertently caused one of the wheels of the tub to move into the hole, causing the tub to tilt. In the process of straightening up the heavy tub, he injured his back. Plaintiff claimed that on numerous occasions, he had notified the defendants, as well as Gurney's Safety Committee, concerning the danger involved in allowing this depression to exist.
Plaintiff was injured, according to his amended complaint, on June 23, 1980, but he did not file his complaint until June 14, 1982, approximately two years later.
Plaintiff's second claim is that the individual co-employees had employment contracts with Gurney Industries, Inc., requiring each co-employee defendant to provide him a safe place to work. He further stated in his claim that each individual defendant breached an express or implied duty to him as a third party beneficiary of the aforesaid contracts in that they failed to discover and correct unsafe work areas and unsafe working procedures and unsafe equipment, and that this breach caused plaintiff's injury.
Plaintiff's third claim is that Aetna Life and Casualty Company entered into a contract with Gurney Industries, in which it agreed to inspect, at reasonable times, the *Page 390 
work places, operations, machinery, and equipment covered by its policy with Gurney Industries. Plaintiff contends that that contract was for his direct benefit, and that as a third-party beneficiary of that contract, he had a legal right to sue on it if Aetna breached it.
The defendants dispute most of plaintiff's allegations of knowledge of the unsafe condition in his work area. Aetna denies that its contract with Gurney Industries was for the direct benefit of plaintiff and, furthermore, contends that it entered into the contract for its own benefit and that the contract is unambiguous in that it does not require Aetna to make inspections of work places, operations, machinery, equipment, and other aspects of the employer's business. Because of these disputes, plaintiff contends that summary judgment was inappropriate because there were genuine issues of material fact.
Although appellant and appellees have framed the issues involved in this case differently, the sole issue for resolution is whether the trial judge erred in granting summary judgment as to all claims in plaintiff's complaint. He did not so err. The judgment is affirmed.
 I.
As to Claim I, namely, the claim that the individual co-employees had a duty to furnish him with a reasonably safe place to work, and that they had wantonly and recklessly failed to do so, plaintiff claims that the trial court should not have granted summary judgment because there were disputed issues of fact concerning the knowledge of defendants of the unsafe condition. He also contends that a wantonness claim is not barred by the one-year statute of limitations contained in Code of Alabama (1975), § 6-2-39 (a)(5). This section provides a one-year statute of limitations for all "actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section."
Plaintiff contends that his cause of action is governed by Code of Alabama (1975), § 6-2-34 (2). This is the section dealing with trespass to realty and personalty, and it provides a limitation of six years.
We believe that plaintiff's argument concerning the statute of limitations, insofar as his first claim is concerned, is clearly answered in this court's decision in Sasser v. Dixon,290 Ala. 17, 273 So.2d 182 (1973), and the Court of Civil Appeals decision in City of Fairhope v. Raddcliffe, 48 Ala. App. 224, 263 So.2d 682, on which Sasser is based. In City ofFairhope v. Raddcliffe, the Court of Civil Appeals said:
 It seems to be commonly accepted among the bar that a count alleging a willful or wanton act is always a charge in trespass. Such is not literally true. To be a trespass there must be an act of direct force producing injury or damage. A wanton omission of duty to act is not a trespass. There is no direct force applied and the injury is not produced by application of force, but is consequential of an omission of a duty to act.
 Wantonness has tended to become synonymous with trespass because it is usually connected with a direct application of force as in automobile collisions. From its legal definition in Alabama it may readily be seen it does not always amount to a trespass.
 "Wantonness has been defined as a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Barnes v. Haney, 280 Ala. 39, 189 So.2d 779; Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448." Water Works and Sanitary Sewer Board of City of Montgomery v. Norman, 282 Ala. 41, 46, 208 So.2d 788.
48 Ala. App. at 227, 263 So.2d 682.
The fact situation in Sasser was very similar to the fact situation here. *Page 391 
Plaintiff there, as in this case, filed suit more than one year after the injury occurred. The plaintiff claimed that the defendant had not taken the proper safety precautions with reference to fans in a dry kiln system, and that as a result of leaving these fans totally unguarded, plaintiff was injured. Plaintiff in that case also claimed that he had warned defendant of the dangerous condition. The court held in theSasser case that because plaintiff's injury was a result of omission of a duty, rather than application of direct force, the applicable statute of limitations was a trespass-on-the-case statute rather than the trespass statute.[1]
Even though there is a dispute as to whether the defendants knew of the defective condition and failed to provide plaintiff relief, summary judgment against the plaintiff was appropriate because, assuming that plaintiff could prove all the facts alleged in claim I, nevertheless, the claim was clearly filed beyond the time a court is allowed to consider such claims.
 II.
Plaintiff's second claim is that he is a third-party beneficiary of an implied contract between Gurney Industries and the individual defendants to provide him a reasonably safe place to work. Because an implied contract is involved, plaintiff insists that the six-year statute of limitations governs. Unfortunately for the plaintiff, our cases do not support his contention. In a recent case, Eason v. Middleton,398 So.2d 245 (Ala. 1981), Justice Jones, in a special concurrence, said:
 The breach of an implied agreement to provide due and reasonable care is a tort claim only and will not support an action sounding in contract. . . .
398 So.2d at 248.
Such a position is not new. This court underscored this position in Waters v. American Cas. Co. of Reading, Pa.,261 Ala. 252, 73 So.2d 524 (1954). There, the court said:
 When the contract does not in terms require reasonable care in doing the acts stipulated to be done, the law imposes a duty — but does not imply a contract — to exercise due care in doing the act; and, therefore, when negligence exists in doing that act, an action in tort only is available because there is no express or implied contract which is breached.
261 Ala. at 258, 73 So.2d 524.
Plaintiff clearly cannot get around the requirement that he file his complaint within one year by relying on a theory of implied third-party beneficiary contract.
 III.
In plaintiff's third claim, he alleged that he is a third-party beneficiary of defendant Aetna Life and Casualty Insurance Company's contract with Gurney concerning workmen's compensation. But plaintiff cannot lengthen the statute of limitations by relying on a contract between the employer and the workmen's compensation carrier. In fact, the provision of the contract would lead one to believe that there was no obligation at all on the insurance company to make inspections. The insurance policy contract stated:
 CONDITIONS — Section 3 Inspection and Audit. The company and any rating authority having jurisdiction by law each shall be permitted but not obligated to inspect at any reasonable time the work places, operations, machinery and equipment covered by this policy. Neither the right to make inspections, nor the making thereof, nor any report thereon shall constitute an undertaking on behalf or for the benefit of the insured or others, to determine or warrant that such work places, operations, machinery or equipment are safe. . . . [Emphasis added.]
Unless there was some contract between the workmen's compensation carrier and the employer to provide some specific services beneficial to the plaintiff, plaintiff's claim, at best, would be a suit in tort rather than in contract; and such a suit in tort *Page 392 
would be barred by the one-year statute of limitations.
For all of the above reasons the trial court's entry of summary judgment against plaintiff is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER and EMBRY, JJ., concur.
ALMON, J., concurs in the result.
[1] See Shipman, "Handbook of Common Law Pleading," 3d ed., Chapter 4, Section 39.