SHORES, Justice.
Defendants are co-employees of plaintiff Carol Reed. Her claim is based on personal injuries; her husband Cleve sued derivatively for loss of consortium. The suit was filed almost four years after plaintiff Carol Reed was injured. Because the statute of limitations of one year bars a tort action, § 6-2-39, Ala. Code 1975, the plaintiffs characterize their claims as breach of contract claims. Notwithstanding this characterization, the complaint sounds in tort and is, thus, time barred. The trial court did not err in granting the defendants’ motion to dismiss, since it affirmatively appears on the face of the complaint that the one-year statute of limitations bars the claims. The judgment of the trial court is affirmed. Brown v. Schultz, 457 So.2d 388 (Ala.1984), is dispositive of the issue presented here. In that case, the Court said:
“Plaintiffs second claim is that he is a third-party beneficiary of an implied contract between Gurney Industries and the individual defendants to provide him a reasonably safe place to work. Because an implied contract is involved, plaintiff insists that the six-year statute of limitations governs. Unfortunately for the plaintiff, our cases do not support his contention. In a recent case, Eason v. Middleton, 398 So.2d 245 (Ala.1981), Justice Jones, in a special concurrence, said:
“ ‘The breach of an implied agreement to provide due and reasonable care is a tort claim only and will not support an action sounding in contract....’”
398 So.2d at 248.
Such a position is not new. This court underscored this position in Waters v. American Cas. Co. of Reading, Pa., 261 Ala. 252, 73 So.2d 524 (1954). There, the court said:
“ ‘When the contract does not in terms require reasonable care in doing the acts stipulated to be done, the law imposes a duty — but does not imply a contract — to exercise due care in doing the act; and, therefore, when negligence exists in doing that act, an action in tort only is available because there is no express or implied contract which is breached.’
261 Ala. at 258, 73 So.2d 524.
“Plaintiff clearly cannot get around the requirement that he file his complaint within one year by relying on a theory of implied third-party beneficiary contract.”
457 So.2d at 391. See also Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852 (1966), and Lemmond v. Sewell, 473 So.2d 1047 (Ala.1985).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.