In this action for personal injuries, plaintiff, John Lovell, argues that his claim sounds in trespass and that therefore the trial court erred in granting summary judgment for the defendants, Charles Acrea and Jack Watson. Lovell filed suit three years after the acts allegedly causing his injury, so unless he can avail himself of the six-year statute of limitations for trespass, the action was barred.
Lovell was employed by Vulcan Metal Products Company as a dispatcher in the shipping department. In June of 1980, while loading some patio covers onto a truck, Lovell ruptured a disk in his back. He had to undergo surgery and was away from his job for approximately three months. Lovell returned to work with instructions from his doctor that he be given only light duty, not to include lifting any weight of more than five pounds.
Acrea was Lovell's immediate supervisor and Watson was the plant supervisor. They were aware of his injury and his restriction to light duty. Lovell's primary duty was to oversee the loading of trucks for shipment. Other workers normally did the actual loading, but, according to Lovell, beginning about January of 1981 these loaders would often be called away to other parts of the plant, leaving Lovell to do the loading with one other employee.
Lovell stated in his deposition that he complained to Watson about having to load trucks and that Watson said he would look into it. He said that he sometimes protested to Acrea that he needed another helper or that he could not lift. According to Lovell, Acrea told him on June 22, 1981, to lift some 200-pound bundles of aluminum tubing. He testified that when he protested that he could not lift them, Acrea told him he could either load the truck or "hit *Page 1083 
the 78 Highway," that is, be fired. Lovell stated in his deposition that Watson "would have come through the plant, and I told him about it. And he didn't do anything." Lovell says he attempted to lift a bundle and reinjured his back, allegedly permanently.
Lovell filed this suit on June 21, 1984, alleging that Acrea and Watson intentionally, willfully, wantonly, and maliciously ordered him to lift the 200-pound bundles. Acrea and Watson filed a motion to dismiss, and later an answer, raising the statute of limitations. They also filed a motion for summary judgment, "on the ground that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law." See Rule 56, A.R.Civ.P. The trial court granted this motion and entered judgment for defendants.
Code 1975, § 6-2-34(1), provides a six-year statute of limitations for actions for trespass to the person. Section6-2-39(a), prior to its repeal by 1984-85 Ala. Acts No. 85-39, effective January 9, 1985, provided a one-year statute of limitations for actions "for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section."[1]
"It is settled in our law that an action of trespass on the case is governed by the statute of limitations of one year, while if the allegation and proof show trespass the six-year statute applies." Sasser v. Dixon, 290 Ala. 17, 18,273 So.2d 182, 182 (1973) (citations omitted). This Court in Sasser also stated,
 "The true distinction between trespass and trespass on the case lies in the directness or immediate character of the injury. An injury is to be regarded as immediate, and therefore a trespass, only where it is directly occasioned by, and is not merely a consequence resulting from, the act complained of."
Id., 290 Ala. at 19, 273 So.2d at 183 (citations omitted).
Lovell argues that the direct/indirect test is not, or at least should not be, the true distinction between trespass and trespass on the case. Instead, says Lovell, the distinction should be based on whether the tort was intentional or negligent. That this is not the law of this State is evident from the affirmance on the authority of Sasser in Strozier v.Marchich, 380 So.2d 804 (Ala. 1980), over the strong dissent of Justice Jones advocating the same position as that taken by Lovell in this argument.
Lovell next argues that trespass applies in a case where the defendant injures the plaintiff by force, and that Acrea's and Watson's authority to order Lovell to perform specific tasks upon pain of losing his job supplies the necessary element of force. At common law, trespass to the person was described as trespass vi et armis, "by force and arms." See Sasser, supra.
The allegations in this case are analogous to those in Teng v.Saha, 477 So.2d 378 (Ala. 1985), in which it was held that wrongful interference with an employment relationship "did not involve . . . 'force in any form [and] was, on the averments, purely consequential in the damnifying consequence alleged to have resulted therefrom.' " Id., at 379, quoting Sparks v.McCreary, 156 Ala. 382, 386, 47 So. 332, 334 (1908).
Lovell cites Engle v. Simmons 148 Ala. 92, 41 So. 1023
(1906), as a case holding that verbal intimidation may constitute a trespass. In that case, the defendant wrongfully remained in plaintiff's home after being asked to leave and threatened her, interrogated her, and inventoried the household property in an effort to collect a debt owed by her husband, who was not present at the time. Plaintiff was in an advanced stage of pregnancy and was caused to miscarry and suffer physical distress as a proximate consequence of defendant's behavior. Although the Court emphasized that the action was one for an injury to the plaintiff and not for trespass to realty, it was clearly significant that the wrong was an unlawful invasion of her *Page 1084 
right to peaceful enjoyment of her home. To like effect isDisheroon v. Brock, 213 Ala. 637, 105 So. 899 (1925).
The unlawful and abusive conduct in Engle and Disheroon was culpable in itself, whereas the conduct of Acrea and Watson was not. Lovell was not disturbed in his home and was not abused or threatened, except with the loss of his job. Vulcan Materials had no legal duty to retain Lovell as an employee under the light-duty restriction, and Lovell was under no compulsion to lift the bundles. The record shows that on other occasions he had refused to do lifting work. The injury occurred approximately nine months after Lovell returned to work from his first injury. Acrea's instructions to perform duties that were part of Lovell's job before his first injury simply do not constitute a trespass so as to bring the action within the six-year statute of limitations. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] The January 9, 1985, amendment repealed § 6-2-39, the traditional one-year statute. Those actions covered by that statute were transferred to § 6-2-38, the traditional two-year statute.