The question presented in this case is whether the trial court erred in granting a motion to dismiss the complaint on the ground that the statute of limitations had run. Almost five years after the occurrence of the alleged tortious conduct, Kathy A. Archie filed a two-count complaint against Enterprise Hospital and Nursing Home. The counts were styled "Intentional Infliction of Emotional Distress" and "Tort of Outrageous Conduct," but the underlying facts at least arguably constitute a trespass to her person.
The statute of limitations for trespass to the person is six years. Code 1975, § 6-2-34(1). Code 1975, §6-2-38(l) (as amended, 1984-85 Alabama Acts, No. 85-39, 2d Special Session), provides: "All actions for any injury to the person or rights of another[1] not arising from contract and not specifically enumerated in this section[2]
must be brought within two years."
This Court has recognized a cause of action against "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." American RoadService Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980). Because the tort of outrageous conduct is an adoption of the tort set forth in the American Law Institute's Restatement(Second) of Torts § 46 (1965), see Inmon at 362, and because that tort is often referred to as the intentional infliction of emotional distress, *Page 695 
the two counts of the complaint state the same cause of action, if they state a cause of action at all.
The question of the statute of limitations for this cause of action was not addressed in Inmon, nor has it been addressed in the cases appealed to this Court between then and now. Two writers on civil actions and limitations of actions in Alabama have expressed the opinion that this cause of action would be governed by § 6-2-38(l). G. McLeod, CivilActions at Law in Alabama (1980), p. 169 (Supp. 1986); T. Hoff, Alabama Limitations of Actions and NoticeProvisions (1984), p. 13 (Supp. 1986).
Most other jurisdictions have applied a catch-all "other personal injury actions" statute of limitations rather than one for specific torts such as assault. Mays v. Three RiversRubber Corp., 135 Mich. App. 42, 352 N.W.2d 339 (1984);Yeager v. Local Union 20, Teamsters, etc., 6 Ohio St.3d 369, 453 N.E.2d 666 (1983); and Ford v. Hutson,276 S.C. 157, 276 S.E.2d 776 (1981). In Williams v. Lee WayMotor Freight, Inc., 688 P.2d 1294 (Okla. 1984), the court rejected the defendant's argument that "because Dean [v.Chapman, 556 P.2d 257 (Okla. 1976), recognizing the tort] adopted the Restatement of Torts (Second) comment (d) of § 46, it should also adopt the rationale of comment (b) of that section which states that intentional infliction of emotional distress may be regarded as an extension of the tort of assault," 688 P.2d at 1296, and that therefore the statute of limitations for assault should govern. The court inWilliams held that the catch-all statute of limitations applied.
In Guthrie v. J.C. Penney Co., 803 F.2d 202 (5th Cir. 1986), however, the court affirmed the district court's choice of Mississippi's one-year limitation for assault, battery, menace, and other specified torts over the six-year catch-all limitation, relying on a Mississippi case holding that the one-year period applied to actions of the type enumerated, and affirming the holding that intentional infliction of emotional distress is the same type of tort as menace.
While these decisions are informative, they do not necessarily aid us in applying the statutes of limitations of this state. Rather than one list of specified torts and one catch-all provision, we have one statute of limitations for actions for "any trespass to person or liberty" and one that has consistently been held to apply to actions for trespass on the case and to other torts not elsewhere specified. The test for whether a complaint states a cause of action for trespass or for trespass on the case is whether the tort was committed by a direct application of force or was accomplished indirectly. Lovell v. Acrea, 500 So.2d 1082
(Ala. 1986); Teng v. Saha, 477 So.2d 378 (Ala. 1985);Strozier v. Marchich, 380 So.2d 804 (Ala. 1980); andSasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973); see Hoff, op. cit.
Under this analysis, the tort of intentional infliction of emotional distress would come within the provisions of §6-2-38(l), whether as a newly-recognized tort not elsewhere enumerated or as coming within the indirect trespass-on-the-case class of torts. The latter point can be clearly seen from the fact that the impetus for recognition of the tort came from situations where there was neither physical injury (and thus, necessarily, not a battery or other direct, forcible trespass) nor even an assault threatening such injury, but the defendant's conduct was so outrageous and the emotional harm so severe that the common law tradition of allowing new causes of action came into play. See Restatement (Second)of Torts § 46 (1965), and W. Prosser, The Law ofTorts, pp. 49-62 (4th ed. 1971).
Thus, we hold that the tort of outrage or intentional infliction of emotional distress is governed by the two-year statute of limitations found in § 6-2-38(l) or, in cases — such as this one — arising before January 9, 1985, by the one-year limitation of former §6-2-39(a)(5). See also Eidson v. Johns-Ridout's Chapels,Inc., 508 So.2d 697 (Ala. 1987). Therefore, Archie's argument, that a claim for intentional infliction of emotional distress is, as such, a claim for trespass to the person, must fail.
The question remains, however, whether the trial court erred in granting the motion *Page 696 
to dismiss the instant complaint because the facts alleged constitute a trespass. The complaint reads as follows:
"COUNT I
"(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
 "(1) On or about December 8, 1980, the Plaintiff entered the Enterprise Hospital and Nursing Home to have her baby.
 "(2) On or about December 9, 1980, Plaintiff gave birth to her baby, which she named Chanda.
 "(3) On or about December 10, 1980, Chanda was brought to the Plaintiff. Plaintiff dressed her baby and prepared to leave the hospital. After approximately thirty minutes, an employee/employees of the Defendant, Enterprise Hospital and Nursing Home, whose name(s) is/are unknown at this time, but which will be substituted by amendment for Defendant, L, M, N and 0 when ascertained, acting within the line and scope of her/their employment, physically took the baby from the Plaintiff's arms, stating words to the effect — I am not taking your baby for ransom, but I have my job to think about. Defendant L, M, N and 0 were directed by Defendants A, B, C and D, whose true and correct identities are unknown at this time but which will be substituted by amendment when ascertained, acting individually and within the line and scope of their employment with Defendant, Enterprise Hospital and Nursing Home, to seize Plaintiff's baby and hold her. Defendants, E, F, G, H, I, J and K, acting individually and within the line and scope of their employment with Defendant, Enterprise Hospital and Nursing Home, established a policy that newborn babies would be held, which includes Plaintiff's baby, until the hospital bill was paid.
 "(4) Plaintiff has suffered severe emotional distress and continues to do so to this date. As recently as July of this year when Chanda was out of her sight for a few moments, Plaintiff passed out and remained severely distressed for some time thereafter.
 "WHEREFORE, Plaintiff demands judgment against Defendants in the sum of One Million ($1,000,000.00) Dollars, plus costs. Plaintiff demands punitive damages.
"COUNT II
"(TORT OF OUTRAGEOUS CONDUCT)
 "(1) Plaintiff realleges Count I as if repeated verbatim.
 "(2) The conduct of Defendants, as more specifically stated in paragraph 3 of Count I, constitutes outrageous conduct as defined by the laws of Alabama.
 "WHEREFORE, Plaintiff demands judgment against Defendant in the sum of One Million ($1,000,000.00) Dollars, plus costs. Plaintiff demands punitive damages."
This complaint is so explicitly couched in terms of the tort of intentional infliction of emotional distress that we cannot say it states a cause of action for trespass to the person. A given set of facts may give rise to more than one cause of action, and if a plaintiff elects to pursue only one such cause of action, the fact that an unpursued cause of action would have supported recovery will not bolster a cause of action which will not support recovery. Although the Alabama Rules of Civil Procedure have established notice pleading, see Rule 8, a pleading must give fair notice of the claim against which the defendant is called to defend. See Cutts v. American UnitedLife Ins. Co., 505 So.2d 1211 (Ala. 1987); Simpson v.Jones, 460 So.2d 1282 (Ala. 1984); and State Farm Fire Casualty Co. v. Fincher, 454 So.2d 936 (Ala. 1984).
Because both counts of the complaint stated a cause of action that was barred by the statute of limitations found in §6-2-39(a)(5), and because the complaint did not seek damages for a cause of action, such as trespass to the person or assault and battery, governed by the six-year limitation of § 6-2-34, the trial court *Page 697 
did not err in granting the motion to dismiss. The judgment is therefore affirmed.
AFFIRMED.
All the Justices concur.
[1] The phrase "of another" does not make this provision applicable only to actions by third parties, such as an action by a guardian for injuries to a ward. Under such an interpretation, there would be no statute of limitations for trespass on the case and many other tort actions. The predecessor of this provision, § 6-2-39(a)(5), repealed by Act No. 85-39, was universally interpreted as applying to direct actions by the injured party. The phrase must be interpreted as meaning an injury to one other than the tort-feasor, even though this creates something of a tautology (that is, in the absence of these words, the statute would not be taken to mean an action for injuries by the tort-feasor to his own person or rights; therefore, their inclusion adds nothing to the meaning).
[2] This should be interpreted to read "article," because all personal injury actions enumerated in § 6-2-38 have a two-year statute of limitations, but personal injury actions enumerated elsewhere in article 2 of chapter 2 of title 6, such as those in § 6-2-34, would not have a two-year statute of limitations simply because they are not enumerated again in § 6-2-38.