RICHARD L. HOLMES, Retired Appellate Judge.
Bryan Mosley, by and through his next friend and mother, Cynthia Salter, and Cynthia Salter, individually, appeal from a summary judgment in favor of the Jefferson County Board of Education (Board). This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: The Board provides day care services through its Community Education Department. The Hueytown Area Community Education Department (Hueytown program) is staffed by Board employees. The Hueytown program requires that before enrolling a child in the program, the parent or guardian complete and sign a two-sided document entitled, “Hueytown Area Community Education Child Care Registration Record” (contract).
On December 3, 1990, Cynthia Salter (mother) completed and signed the contract to enroll her son, Bryan Mosley (son), in the Hueytown program. On April 22, 1991, the son, who was 11 years of age at the time of the accident, broke his leg while sliding down a pole on the day care playground.
In January 1992 the mother filed a complaint on behalf of herself and her son against the Board. The complaint alleged that the Board had a duty to supervise the son properly and a duty to maintain the playground equipment properly. The complaint also alleged that the Board was guilty of negligence and/or wantonness.
The Board filed a motion to dismiss, contending that a negligence action against the Board was barred by Ala. Const, art. I, § 14, as well as by the doctrine of substantive immunity.
Thereafter, the mother amended her complaint to allege that she had entered into a *777 contract, express or implied, with the Board to provide a safe and proper place to care for her son and to provide for his safety and welfare. The amended complaint also alleged that the son was a third-party beneficiary of that contract. The mother asserted that the Board had breached the contract by failing to provide safe and proper playground equipment and that damages had resulted from the breach. The amended complaint also stated that the Board was guilty of improper supervision and that the Board had negligently and/or wantonly constructed or maintained the playground equipment.
The trial court treated the Board’s motion to dismiss as a summary judgment motion and entered a summary judgment in favor of the Board on the tort claim.
The Board filed an answer to the amended complaint. Thereafter, the Board filed a summary judgment motion, with supporting documentation, and a brief in support of the motion. The trial court entered a summary judgment in favor of the Board on the contract claim. This appeal followed.
On appeal, the mother concedes that a summary judgment was properly entered in favor of the Board on the tort claim. However, the mother alleges that the Board is hable under the breach of contract claim because, she says, an implied contract that the Board would provide for the safety and welfare of her son existed and the Board breached this implied contract when it failed to provide proper and safe playground equipment. We cannot agree.
An express contract existed between the mother and the Board. The contract, completed and signed by the mother, provided the following, in pertinent part:
“As the parent with legal custody or legal guardianship of the above named child, I do hereby contract with the Huey-town Community School site listed above, being part of the Jefferson County School System, to provide child care services for my child. Payments are to be made weekly....”
[[Image here]]
“As the parent or guardian, I understand that this Hueytown Community School site, as part of the Jefferson County School System, does not provide insurance coverage on my child and cannot therefore be held responsible for medical cost resulting from injuries incurred on this site. If you desire school insurance, please contact the Community School Office. If you do NOT wish to have school insurance you must have your own medical/health insurance to participate in our child care program. Please sign one of the below:
(_) I have school insurance.
(_) My child is currently covered under a medical/health insurance policy.
[[Image here]]
[[Image here]]
[[Image here]]
“I release the Hueytown Area Community Education Department, its agents and employees from any and all damages or injuries that may be incurred during the child care program.”
In Alabama it is well settled that “the existence of an express contract generally excludes an implied agreement relative to the same subject matter.” Vardaman v. Florence City Board of Education, 544 So.2d 962, 965 (Ala.1989). The mother expressly contracted with the Board that it would not be responsible for medical cost resulting from injuries incurred during the child care program and released the Board from any and all damages or injuries incurred during the child care program. Consequently, there can be no implied contract that the Board would provide for the safety and welfare of the son.
Further, even if it were determined that an implied contract existed that the Board would provide for the safety and welfare of the son, any alleged breach would constitute negligence. Our supreme court has previously held that when an implied agreement to provide reasonable care is breached, the only recourse is an action in tort, because such a breach will not support an action sounding in contract. Brown v. Schultz, 457 So.2d 388 (Ala.1984).
Based upon the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. *778 HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.